**Harry J. IMHOFF, Movant–Appellant**

v.

**STATE of Missouri, Respondent.**

**No. 15785.**

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 6, 1989.

Jim Lynn, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for respondent.

1. Missouri Rules of Court (18th ed. 1987). Because this proceeding was pending prior to January 1, 1988, it continues to be governed under the provisions of Rule 27.26. See Rule 24.-035(*l*), Missouri Rules of Court (19th ed.1988).

HOLSTEIN, Chief Judge.

Movant Harry J. Imhoff appeals an order denying him an evidentiary hearing but granting partial relief in a Rule 27.26[1] proceeding. We affirm.

On August 25, 1983, movant pled guilty to six felony charges contained in five separate informations. Five charges alleged burglary in the second degree, § 569.170,[2] and one charge alleged stealing, § 570.030. The stealing charge was joined as a separate count in the same information with an associated burglary charge. Movant was sentenced to one year in the county jail on one of the burglary charges. The jail sentence was apparently completed. Movant was sentenced to four years in the Department of Corrections on each of the remaining five charges. The docket sheet entries recite that the sentences in each numbered case are to be consecutive, but the docket sheet entry is silent as to whether the sentences in the burglary and its associated stealing charge are to be consecutive or concurrent. Imposition of the penitentiary sentences was suspended and movant was placed on probation for five years.

On May 23, 1985, movant pled guilty to two counts of forgery, § 570.090.1, and, pursuant to a plea agreement, was sentenced to four years on each count to be served concurrently with each other.

Movant appeared for a "revocation hearing" on the burglary and stealing charges on June 24, 1985. He admitted violation of the probation. The court ordered sentence executed on three of the consecutive four-year terms, totaling twelve years. However, the court either overlooked or disregarded the fourth burglary charge, Case No. CR583–472FX.

On July 20, 1987, movant filed his motion for relief pursuant to Rule 27.26. He alleged that his pleas of guilty to all charges were involuntary because he was "beset by extreme emotional and personal problems"

2. Unless otherwise indicated, all references to statutes are to RSMo 1986.

and that he was misled by his attorney when he entered the plea to the forgery charges into believing that he would receive only a four-year sentence.

The motion court denied an evidentiary hearing but remanded Case No. CR583–472FX to the sentencing court because no sentence was actually ordered executed in that case.[3] Movant appeals the denial of an evidentiary hearing.

■ In order to qualify for an evidentiary hearing, a movant must meet three requirements: (1) The motion must allege facts, not conclusions, warranting relief; (2) those facts must raise matters not refuted by the files and records in the case; (3) the matters complained of must have resulted in prejudice. *Davis v. State*, 754 S.W.2d 593, 593 (Mo.App.1988). If a movant fails to meet any of the three requirements, the motion court is not "clearly erroneous" in denying an evidentiary hearing. *See* Rule 27.26(j).

The record of each guilty plea proceeding includes a petition to enter a plea of guilty and extensive examination of the movant by the trial judge. On each occasion movant stated, by way of his petition to enter a plea of guilty and orally before the judge, that he was not suffering from any mental disease or emotional condition and that his mind was clear. He also asserted that he had discussed his case with his attorney and understood the charges and range of punishment on each charge. After the pleas of guilty, the court found each plea to be "voluntarily and intelligently made without fear, ignorance, or inadvertence or coercion."

The petition to enter a plea of guilty to the burglary and stealing charges indicated that the prosecutor had promised only to "remain silent" if the plea of guilty was entered and no other promises had been made. Movant was informed by the judge that "[a]ll sentences" on each separate charge would run consecutively. The judge stated, "You have at least 20[4] years of your life laying here. If I see you in this courtroom again for stealing citizens' property, we won't worry about it again. I will ice you so deep."

The petition to enter a plea of guilty filed in the forgery cases stated only that the prosecutor had promised to recommend a four-year sentence "on each count to be served concurrently." The prosecutor also announced that in return for the pleas of guilty to the forgery charges, he was going to recommend that the four-year sentences on the forgery charges run concurrently "with any revocation matters that [movant] has." Movant's petition to enter a plea of guilty to the forgery charges also stated:

If I am on probation or parole in this or any other Court, I know that by pleading GUILTY here my probation or parole may be revoked, and I may be required to serve time in that case which may be consecutive, that is, in addition to any sentence imposed upon me in this case.

At the probation revocation, the trial judge did precisely as recommended by the state; that is, he ordered that the sentences for forgery be served concurrently with the sentences for burglary and stealing.

■ The first part of movant's point on appeal is his claim that his pleas of guilty were the result of extreme emotional and personal problems. The record recited above supports a finding that movant's pleas of guilty were voluntary and wholly refute any claim that movant's pleas of guilty were the result of his emotional condition. *See Stock v. State*, 740 S.W.2d 247,

---

3. Among other anomalies unrelated to the issues raised on appeal, an unsigned docket entry and an unsigned commitment order purporting to revoke Imhoff's probation and execute his sentence in Case No. CR583–472FX appear in the record. These documents are contrary to the trial judge's oral order following the revocation hearing. His oral order made no mention of Case No. CR583–472FX, but, by reference to case number, ordered execution of the other three consecutive sentences for burglary and stealing. He announced the total sentence was to be twelve years.

4. Apparently, the judge thought better of his declared intent to make all five of the four-year sentences consecutive. In his docket entry, he was silent as to whether the stealing charge was to run consecutively or concurrently with the associated burglary charge. Consequently, the two are treated as running concurrently with each other. Rule 29.09.

248 (Mo.App.1987); *Flowers v. State*, 632 S.W.2d 307, 313 (Mo.App.1982). The first part of movant's claim is without merit.

■ The second part of movant's point on appeal, and the only part addressed in the argument portion of his brief, is that his plea was involuntary because he was misled by counsel into believing he would receive only a four-year sentence. When a movant's claim that his plea was involuntary rests on an assertion that his counsel misled him, the question becomes whether his incorrect belief is reasonable. *Eakins v. State*, 734 S.W.2d 290, 293 (Mo.App. 1987). When movant entered the first plea of guilty in 1983, he was informed in the most positive and certain terms his sentences were consecutive. When movant pled guilty to forgery in 1985, he clearly stated that he knew the earlier probation may be revoked as a result of his plea of guilty. Movant unequivocally stated that no other promises of leniency had been made to him in either guilty plea proceeding. Consequently, the record refutes any claim that movant held a reasonable belief that he would receive only a total of four years in prison. An unreasonable expectation of a lesser sentence does not render a plea of guilty involuntary. *Oldham v. State*, 740 S.W.2d 213, 214 (Mo.App.1987). The judgment is affirmed.

CROW, P.J., and GREENE, J., concur.