Melvin Lee JAMERSON, Movant,

v.

STATE of Missouri, Respondent.

No. 55365.

Missouri Court of Appeals,
Eastern District,
Division One.

April 25, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 31, 1989.

Application to Transfer Denied
Aug. 1, 1989.

Cheryl Rafert, St. Louis, for movant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Movant, Melvin Lee Jamerson, appeals from the denial of Rule 27.26 [1] relief following an evidentiary hearing. Movant had previously pleaded guilty to a charge of first degree assault. We affirm.

Movant contends, in his first point on appeal, that the motion court erred in denying his motion because his trial counsel coerced him into pleading guilty by failing to investigate his claim of self-defense and by failing to interview witnesses.

The motion court correctly found that movant's allegation was refuted by the evidence adduced at the Rule 27.26 proceeding and by movant's guilty plea testimony. Movant testified that he did not provide his trial counsel with the name or address of any potential witness other than telling his counsel that a person named "Jack" could help his defense. To be effective, counsel is not required to be clairvoyant. *Boyet v. State*, 671 S.W.2d 417, 418 (Mo.App.1984). Further, movant failed to produce any witness at the Rule 27.26 proceeding to substantiate his claim and failed to show that the testimony of any potential witness would have provided a viable defense. *See Hogshooter v. State*, 681

1. Rule 27.26 was repealed, effective January 1, 1988, by order of the Supreme Court of Missouri. This appeal is governed by Rule 27.26 because the sentence was pronounced prior to January 1, 1988, and movant's Rule 27.26 motion was then pending. *See* Rule 24.035.

S.W.2d 20, 21 (Mo.App.1984). The motion court was not clearly erroneous in denying movant relief based on this allegation. Point one is denied.

Movant further argues that the motion court erred by not specifically addressing in its findings of fact movant's claim that his plea agreement was breached because he was not released from prison within 120 days after his initial incarceration. *See* § 217.775, RSMo (1986).

 Section 217.775.2 enables a circuit court to grant a defendant probation anytime up to one hundred-twenty days after he has been delivered to the custody of the division of adult institutions. Movant testified that the sentencing court informed him that he would be granted probation if he served one hundred-twenty days "without getting into any trouble." Movant testified that he was "written up three times" during the one hundred-twenty day period. Movant by his own evidence, proved that he had violated the sentencing court's condition for probation and therefore was not entitled to relief. Moreover, by denying movant's Rule 27.26 motion, the motion court sufficiently addressed this claim to enable us to determine the correctness of the action. *See Seltzer v. State*, 694 S.W.2d 778, 779 (Mo.App.1985). The motion court's judgment was not clearly erroneous.

The judgment of the motion court is affirmed.

REINHARD and CRIST, JJ., concur.