Jerome McDANIELS, Appellant,

v.

STATE of Missouri, Respondent.

No. 58300.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 5, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 13, 1991.

Application to Transfer Denied
May 3, 1991.

Earlyne M. Thomas, St. Louis, for appellant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from the denial of motions to vacate judgments and sentences under Rules 24.035 and 29.15 without an evidentiary hearing. We affirm.

A jury convicted movant of two counts of forcible rape, two counts of sodomy, and one count of kidnapping. Movant was sentenced to four concurrent thirty-year terms on the rape and sodomy counts, and a consecutive term of thirty years for the kidnapping. *State v. McDaniels,* 668 S.W.2d 230 (Mo.App.1984). Movant seeks to vacate these convictions under Rule 29.-15.

Movant also seeks to vacate convictions for one count of forcible rape and one count of sodomy under Rule 24.035. Movant pled guilty to both counts and was sentenced to two concurrent twenty-five year terms of imprisonment. These sentences were to be served concurrently with the sentences for the previously mentioned convictions. The guilty pleas were entered pursuant to plea bargaining.

Movant filed his *pro se* motion for post-conviction relief on June 14, 1988. On September 20, 1989, movant filed his amended motion for post-conviction relief. The amended motion was not verified by movant, despite the requirements of Rules 24.-035(f) and 29.15(f). The motion court denied movant's Rule 29.15 motion because he failed to raise any specific allegations of ineffective assistance of counsel. The motion court also denied movant's Rule 24.035 motion on the grounds that movant pled guilty voluntarily, and that his allegations of ineffective assistance of counsel were fully refuted by the record.

■ In movant's first point on appeal, he contends his trial counsel was ineffective for not investigating or interviewing a potential alibi witness. He asserts such an investigation would have produced a defense that would have led movant to choose a jury trial rather than pleading guilty to

rape and sodomy. In his second point on appeal, movant argues his lawyer failed to produce a known defense witness for movant's jury trial. These allegations are not reviewable because movant did not raise these issues in his verified *pro se* motion. The only mention of movant's lawyer's failure to produce witnesses in either the 24.035 proceeding or at trial was in his unverified amended motion.

■ Movant's amended motion was signed by his post-conviction counsel, not by movant. Rules 24.035(f) and 29.15(f) require that any amended motion be verified by movant. The verification requirements are jurisdictional. *Quinn v. State,* 776 S.W.2d 916, 918 (Mo.App.1989). Unverified motions should be dismissed. *Id.* at 920 [2].

■ Movant's remaining claim, found in Point I, is that he involuntarily pled guilty because his counsel failed to inform him of the law and legal ramifications of pleading guilty. There is nothing in the argument portion of movant's brief to show wherein and why movant's plea was involuntary or that his lawyer failed to inform him of the law and legal ramifications of pleading guilty. Movant's failure to pursue this point in his brief constituted waiver of his claim. *State v. Franks,* 685 S.W.2d 845, 849 [8] (Mo.App.1985).

Judgment affirmed.

CRANDALL, C.J., and GARY M. GAERTNER, P.J., concur.