Gilbert Ray ROLAND, Appellant,

v.

STATE of Missouri, Respondent.

No. 17603.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 21, 1992.

Emmett D. Queener, Columbia, for appellant.

William L. Webster, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

Movant, Gilbert Ray Roland, commenced this proceeding under Rule 24.035,[1] attacking his conviction of the class B felony of sale of a controlled substance. § 195.211, RSMo Cum.Supp.1989. The circuit court conducted an evidentiary hearing and afterward denied relief in an order accompanied by comprehensive findings of fact and conclusions of law. Movant appeals, presenting one assignment of error. It is easier discussed after a narrative of the pertinent facts.

On November 5, 1990, Movant appeared in the Circuit Court of Jasper County ("the plea court") with his retained lawyer ("defense counsel") in case number CR590–626FX. The information charged Movant with the class B felony of kidnapping, § 565.110, RSMo 1986 (Count I), and the class C felony of assault in the second degree, § 565.060, RSMo 1986 (Count II). The case was to be tried by jury that date. A venire was present.

That same date, another criminal case, number CR590–965FX, was pending against Movant in the Circuit Court of Jasper County, awaiting preliminary hearing before an associate circuit judge. In that case, Movant was charged with two counts of the class B felony of sale of a controlled substance. He had no attorney of record in that case.

When Movant and defense counsel appeared for the scheduled trial in CR590–626FX, defense counsel announced a plea agreement had been reached disposing of both cases. The agreement provided Movant would plead guilty to Count II (assault in the second degree) in CR590–626FX and plead guilty to one count of sale of a controlled substance in CR590–965FX. He would receive a two-year sentence on the assault conviction and a ten-year sentence on the controlled substance conviction, the sentences to run concurrently. All other charges pending against Movant would be dismissed and no other charges that could be brought against him would be filed.

The plea court proceeded as required by Rule 24.02. During the hearing, defense counsel explained that although he had not entered his appearance as counsel for Movant in CR590–965FX, he intended to do so that morning. The plea court accepted Movant's plea of guilty to the assault charge and imposed a two-year sentence.

The plea court then proceeded as required by Rule 29.07(b)(4) and found no probable cause of ineffective assistance of counsel.

The proceeding adjourned so Movant and defense counsel could appear before the associate circuit judge in CR590–965FX and waive preliminary hearing, thereby enabling an information to be filed in the plea court charging Movant with one count of sale of a controlled substance.

When those steps had been completed, Movant and defense counsel reappeared in the plea court. The plea court received Movant's plea of guilty to the controlled substance charge in compliance with Rule 24.02. During the hearing, defense counsel stated he had examined the report of the officer who bought the controlled substance from Movant, along with the "lab report."

The prosecutor outlined the facts he intended to prove if the case were tried. Movant conceded that those facts, if presented to a jury, would likely result in his conviction. The plea court again went over the plea agreement with Movant, then asked whether Movant had told defense counsel everything counsel needed to know

1. Rule references are to Missouri Rules of Criminal Procedure (1991).

to represent Movant on the controlled substance charge. Movant replied, "Yes."

The plea court asked defense counsel whether he had had enough time to properly advise Movant in the case. Defense counsel stated he had been aware of the case since about September 26, had spoken to the prosecutor about it, and was able to make an informed professional judgment. Defense counsel explained there appeared to be no defense of entrapment or any possibility of suppression.

The plea court accepted Movant's plea of guilty to the controlled substance charge and imposed a ten-year sentence, to run concurrently with the sentence in CR590–626FX.

The plea court then proceeded as required by Rule 29.07(b)(4) and found no probable cause of ineffective assistance of counsel.

In seeking post-conviction relief in the controlled substance case[2] (CR590–965FX) Movant averred, among other things, that defense counsel "failed to properly investigate the elements of the crime," failed to "prepare for trial," and failed "to file appropriate motions to suppress."

The only evidence presented by Movant in the motion court pertinent to the above complaints was Movant's testimony that defense counsel discussed no "legal defenses" with Movant, defense counsel failed to "do any type of investigation" or "prepare in any way for trial," defense counsel did not "speak to any of the witnesses," and defense counsel filed no "pretrial motions."

Defense counsel, called as a witness in the motion court by the prosecutor, testified he learned of the controlled substance case within 10 or 15 days after being retained in the kidnapping and assault case. Defense counsel obtained the "lab report" and "narrative reports." After the prosecutor tendered the plea agreement, defense counsel discussed it with Movant Friday, November 2, 1990. Defense counsel showed Movant the lab report and told him the likelihood of conviction "was pretty strong." Defense counsel put the plea agreement in writing, and Movant signed it that date (November 2).

Defense counsel recalled that on November 5, 1990, before the pleas were entered, Movant expressed a belief that the alleged victim in the kidnapping and assault case (whom Movant had married) would not appear to testify. Defense counsel advised Movant he could repudiate the plea agreement if he chose, but if he did and the victim appeared, Movant was "dead meat." Defense counsel testified, "[A]pparently upon reconsideration, [Movant] decided that ... was good advice."

The motion court's findings of fact included the following:

... In the course of the investigation of [CR590–626FX], [defense counsel] learned of [CR590–965FX]. Although he informed the Movant that he did not represent him in the [latter case, defense counsel] felt it prudent to investigate [it] to see how it may impact on his defense of the assault and kidnapping charges. He obtained the statement of the undercover agent and the laboratory reports early in his investigation and discussed those with the [M]ovant.

... Movant agreed to the conditions of the plea agreement and executed the written agreement. The Movant was on bond at this time and was free to consult with whomever he wished concerning the agreement.

... [Defense counsel] informed Movant that the investigation he had made on the drug case indicated a very strong case against Movant.... [Defense counsel] recommended that Movant accept the plea agreement.

. . . .

The motion court's conclusions of law included the following:

... [Movant's] allegations [of ineffective assistance of counsel] generally recite conclusions and not facts. However, an evidentiary hearing was required on those grounds that marginally suggest a factual allegation.

. . . .

**2.** Movant sought no post-conviction relief from the assault conviction (CR590–626FX).

The record of [CR590–965FX] and [CR590–626FX] is replete with evidence that, while ... defense counsel may not have prepared for trial on the drug case, he had investigated that case to determine factual defenses and legal issues. Although Movant criticizes [defense] counsel with failure to file appropriate motions to suppress, [defense] counsel indicated to the [plea court] that he had looked into that issue and determined that there was no basis for the filing of a motion to suppress.

... Despite Movant's claims to the contrary, [defense counsel], even though not technically retained to do so, did investigate the drug case and thoroughly discuss it with the Movant.

....

On no less than four ... separate times on November 5, 1990, the [plea court] asked Movant if he had any complaint or criticism whatsoever about his lawyer. On one of those occasions his lawyer had stepped from the courtroom so the Movant could make his response uninhibited by his lawyer's presence. On each opportunity the Movant offered no complaint or criticism concerning the assistance of counsel he had received. All the claims that Movant now raises he should have known at the hearing on the guilty plea. If a movant in a post-conviction relief proceeding has claimed total and complete satisfaction with his attorney at the guilty plea proceeding, then he is not heard to complain later that he received ineffective assistance of counsel. *Cramlett v. State*, 800 S.W.2d 813 (Mo.App.1990).

... Movant has not sustained his burden of proof in this case.

Movant's sole point relied on in this appeal avers the motion court erred in denying post-conviction relief in the controlled substance case in that Movant received ineffective assistance of counsel when defense counsel "did not fully investigate the drug charges before recommending [Movant] accept the plea bargain." Movant asserts he was prejudiced because "but for the lack of investigation he would not have pled guilty and thus his plea was involuntary."

■ Our review of the motion court's denial of relief is limited to a determination of whether the findings and conclusions of that court are clearly erroneous. Rule 24.-035(j); *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied sub nom. Walker v. Missouri*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989).

■ To prevail on a claim of ineffective assistance of counsel, a prisoner seeking post-conviction relief must show (1) his lawyer failed to exercise the customary skill and diligence that a reasonably competent lawyer would have exercised under similar circumstances, and (2) the prisoner was thereby prejudiced. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). To satisfy the "prejudice" requirement, a prisoner who has pled guilty must demonstrate there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 370[3], 88 L.Ed.2d 203 (1985). That is, once a plea of guilty has been entered, the effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. *Wiles v. State*, 812 S.W.2d 549, 551[2] (Mo.App.1991); *Pelton v. State*, 794 S.W.2d 301, 303[3] (Mo. App.1990). The prisoner bears the burden of proving his grounds for relief by a preponderance of the evidence. Rule 24.-035(h); *Jenkins v. State*, 788 S.W.2d 536, 537[1] (Mo.App.1990).

■ Here, Movant neither alleged nor proved that a more thorough investigation by defense counsel would have revealed anything beneficial to Movant. Movant's allegations of ineffective assistance were purely conclusional, not factual, and he presented no evidence even remotely suggesting there was anything defense counsel could have done that would have made standing trial in both cases a better alternative than accepting the plea agreement. Movant thus failed to demonstrate a reasonable probability that he would have spurned the plea agreement and gone to

trial had defense counsel conducted a more extensive investigation.

Movant argues defense counsel's advice that Movant should accept the plea agreement "was based on an erroneous understanding of the case by [defense counsel], resulting from his lack of investigation." Movant directs us to testimony by defense counsel in the motion court that there was another case the prosecutor could have filed against Movant. Defense counsel's testimony included this:

> Q. Had there been two charges filed already?
>
> A. No, I think there was just one charge of drugs filed.
>
> Q. So you knew there was at least a second charge that would—
>
> A. I believed it at least.

Movant asserts defense counsel erroneously believed "only one drug charge had been filed" against Movant when counsel was advising Movant about the plea agreement, whereas in fact two counts were pending in CR590–965FX.

The motion court hearing at which defense counsel testified occurred five and a half months after entry of the pleas. Defense counsel's memory was inaccurate, as demonstrated by the transcript of the plea proceeding in CR590–965FX.

During that proceeding, the plea court read Movant the plea agreement prepared by defense counsel. The agreement provided Movant would plead guilty to sale of a controlled substance "as charged in Count I of case number CR590–965F." Defense counsel, commenting on the facts of the sale, stated, "I believe the Court is aware there is more than one charge pending against my client."

Later in the proceeding, the plea court reminded Movant there were two charges "in the associate division" in CR590–965FX. The dialogue continued:

> Q. ... it's my understanding that Count II, which is not before the Court at this time, was also a Class B Felony. Is that correct?
>
> A. Yes.

> Q. So, this plea agreement which contemplates a sentence of ten years, would appear to be a substantial amount of time less than the maximum sentence in those two cases. Would you agree with that?
>
> A. Yes.
>
> Q. So by entering this plea agreement, it seems that it contemplates a sentence which could be substantially less than if imposed by a jury if you were convicted of both charges. Is that correct?
>
> A. Yes.

Still later in the proceeding, defense counsel stated, "I believe that he would be convicted, if not on this, on the second Count." Finally, defense counsel stated: "I was well aware and I believe my client was well aware that there was not only a second Count here, but there were other charges available to the State. When my client was offered the plea bargain that you have in front of you, Your Honor, it was to take care of the second Count, get rid of it, and to prevent the prosecution, and it would be prevented, from filing any other charges."

Near the end of the proceeding, the plea court addressed Movant:

> Q. ... do you understand that as part of that agreement that the State will not pursue any other charges against you, and in particular a charge which was formerly Count II, a drug sale case. Do you understand that?
>
> A. Yes.

The record thus confirms that on the date the pleas were entered, defense counsel was aware two counts of sale of a controlled substance were pending against Movant in CR590–965FX. When preliminary hearing was waived so an information could be filed in the plea court, it was unnecessary for the information to include both counts, as the plea agreement called for a guilty plea to only one.

Movant's contention that defense counsel harbored the mistaken belief that there was only one charge of sale of a controlled substance pending against Movant on the

 

date Movant pled guilty is refuted by the record.

As observed earlier, Movant presented no evidence that further investigation by defense counsel would have produced anything beneficial to Movant or that interviewing any witness would have revealed potential testimony favorable enough to induce Movant to reject the plea agreement and stand trial. The motion court did not err in denying relief. *Jamerson v. State,* 772 S.W.2d 733 (Mo.App.1989).

The order of the motion court is affirmed.

PREWITT, P.J., and PARRISH, J., concur.