Robert **KENNETH–SMITH**, Appellant,

v.

**STATE of Missouri**, Respondent.

No. 61065.

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 18, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Sept. 16, 1992.

Application to Transfer Denied
Oct. 27, 1992.

Dave Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Rudolph R. Rhodes IV, Asst. Atty. Gen., Jefferson City, for respondent.

SIMON, Judge.

Movant, Robert Kenneth-Smith, appeals the denial of his Rule 24.035 motion without an evidentiary hearing. We affirm.

We confine our recital of the facts to those essential to the point on appeal. On June 4, 1990, in the Circuit Court of St. Louis County, a complaint charging appellant with stealing $150.00 or more was filed under Cause Number 90CR–4131 and on October 24, 1990, also in St. Louis County, a second complaint alleging a separate offense of stealing $150.00 or more was filed under Cause Number 90CR–7733. Pursuant to the Uniform Mandatory Disposition of Detainers Law, § 217.450, *et seq.*, RSMo Supp.1991 movant executed an "INMATE'S REQUEST FOR DISPOSITION OF INDICTMENTS, INFORMATIONS, OR COMPLAINTS" on October 31, 1990. The record on appeal indicates two requests were received. The first request, stamped received on November 7, 1990, listed a failure to appear charge numbered CCR–600959 and a stealing $150.00 or more charge numbered 90CR–4131. A second stealing $150.00 or more charge numbered 90CR–7733 was handwritten below the two typewritten charges. The second request, listing a failure to appear charge numbered CCR–600959 and a stealing $150.00 or more charge numbered 90CR–4131 was stamped received and filed on November 8, 1990.

On February 8, 1991, movant pleaded guilty to a separate, unrelated charge of stealing over $150.00 in the Circuit Court of the County of St. Louis. The only references to this plea are in the information in lieu of indictment, filed on April 29, 1991, where it is listed in the persistent offender count, and in movant's *pro se* 24.035 motion. Movant was transported to the Missouri Department of Corrections on February 13, 1991. On February 28, 1991, movant failed to appear before the Circuit Court of St. Louis County on Cause Number 90CR–4131 and a warrant for his arrest was issued. On March 18, 1991, movant filed yet another request for disposition of all Missouri indictments, informations, or complaints pending against him listing the stealing $150.00 or more numbered 90CR–7733 charge only.

The state filed separate indictments as to the stealing charges, Cause Numbers 90CR–4131 and 90CR–7733, and on April 24, 1991, the state consolidated both charges under Number 90CR–4131. On April 29, an information in lieu of indictment charging movant as a persistent offender was filed. On April 30, 1991, by a written memo, movant, by his signature and on advice of counsel, waived arraignment and his request for disposition in both causes, previously filed as numbers 90CR–4131 and 90CR–7733, and prayed the court to continue these counts on the trial docket. On May 1, 1991, movant entered a plea of guilty to the two counts of stealing after a *nolle pros* on the persistent offender charge was entered. Movant was sentenced to concurrent sentences of six years to run concurrently with any other sentences the movant was serving.

On May 23, 1991, movant filed a *pro se* motion under Rule 24.035 and subsequently filed a motion for a full evidentiary hearing. After appointment of counsel, an amended motion was filed on August 2, 1991 in accordance with Rule 24.035(f). On September 24, 1991, the motion court denied the Rule 24.035 motion without an evidentiary hearing.

In his sole point on appeal, movant contends that the motion court's denial of his Rule 24.035 motion without an evidentiary hearing was clearly erroneous because the trial court imposing the sentence was without jurisdiction to do so since the state should have disposed of the consolidated charges movant entered pleas on pursuant to movant's request for disposition. Apparently movant contends that by returning him to his original place of incarceration after his plea of guilty in February of 1991 in St. Louis County, the failure of the state to dispose of the unrelated causes set forth in his request for disposition of detainers filed in November of 1990, stripped the guilty plea court of jurisdiction. Specifically, movant argues that the motion court should construe the Uniform Mandatory Disposition of Detainers Law (UMDDL) §§ 217.450–.485 RSMo Supp. 1991, to include the provision for dismissal contained in the Interstate Agreement on Detainers which expressly provides:

> If trial is not had on any indictment, information or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to paragraph 5 of article V of this agreement, such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

§ 217.490 Article IV, § 5 RSMo 1986.

Movant contends that this court should construe the UMDDL to include the provision requiring dismissal of all unresolved charges contained in the IAD § 217.490, Article IV, § 5 RSMo 1986, because the intrastate disposition of detainers law, § 217.450 *et seq.*, RSMo Supp.1991, and the interstate agreement on detainers, §§ 217.490 RSMo 1986, are in *pari materia* and must be considered together. *See State ex rel. Kemp v. Hodge*, 629 S.W.2d 353, 359 (Mo. banc 1982).

There are two mandatory dismissal provisions in the UMDDL: a) § 217.450.3 RSMo Supp.1991 requires that charges against an inmate be dismissed if that inmate is not informed of the source and nature of any untried indictment, information or complaint against him and of his rights under

the UMDDL within one year after a detainer is lodged with the facility in which the prisoner is incarcerated; b) § 217.460 RSMo Supp.1991 mandates dismissal if the state fails to bring an inmate to trial within 180 days after the receipt by the court and the prosecuting attorney of a request by the inmate for final disposition of the charges underlying a detainer. The Missouri legislature has not incorporated an anti-shuffling provision similar to that contained in the IAD into the UMDDL. Whether or not we should construe the UMDDL to contain an anti-shuffling provision is not relevant since movant has waived any right to rely on his request for disposition.

The record clearly indicates that movant signed a waiver on April 30, 1991 waiving his prior request for disposition of detainers in both counts in this cause. The state argues that movant waived any right to a final disposition of the outstanding detainers with the filing of this waiver. Movant does not address the waiver.·

 In Missouri, most of the case law illustrating waiver under the UMDDL involves the speedy trial provision. Section 217.460 RSMo Supp.1991 provides in relevant part:

If the indictment, information or complaint is not brought to trial within the period [180 days after the receipt of the request and certificate] no court of this state shall have jurisdiction of such indictment, information, or complaint, nor shall the untried indictment, information or complaint be of any further force or effect; and the court shall issue an order dismissing the same with prejudice.

It is clear that § 217.460 expressly provides that a loss of jurisdiction over a pending charge results if it is not tried within the statutorily designated time period. *State ex rel. Kemp v. Hodge,* 629 S.W.2d at 356. Compliance with the speedy trial provision is a jurisdictional prerequisite to the state's ability to try a defendant on the charges pending against him. *See Kemp,* 629 S.W.2d at 356. Movant's argument on appeal rests upon the erroneous assumption that any violation of the UMDDL automati-

cally deprives the court of subject matter jurisdiction thereby prohibiting a waiver of any rights afforded under the UMDDL.

 Section 217.460 of the UMDDL expressly provides that the court may grant "additional necessary or reasonable time ... for good cause shown in open court." It is well-established in Missouri and other jurisdictions which have adopted the UMDDL that a defendant may waive his rights under the speedy trial provision of the UMDDL. *See State v. Galvan,* 795 S.W.2d 113, 118[2] (Mo.App.1990); *People v. Velarde,* 790 P.2d 903, 904[1] (Colo.App. 1989); *People v. Martinez,* 712 P.2d 1070, 1071[1, 2, 3] (Colo.App.1985); *State v. Calderon,* 233 Kan. 87, 661 P.2d 781, 788–89[15, 16] (1983). A request or the acquiescence by a defendant to a setting beyond the limit of the 180 day provision does not deprive a court of jurisdiction. *See Russell v. State,* 624 S.W.2d 176, 180 (Mo.App. 1990).

Here, movant's waiver did not involve the speedy trial provision of the UMDDL. However, the law pertaining to waivers of the speedy trial provision is instructive in that it clearly indicates that a movant may waive his rights under the UMDDL. *See State v. Galvan,* 795 S.W.2d at 118; *Russell v. State,* 624 S.W.2d at 179. Here, the issue is whether the two charges of stealing over $150.00 which were consolidated in Cause Number 90CR–4131 should have been disposed of when movant pleaded guilty to the charge on February 8, 1991. We have not found, nor have we been directed to, any Missouri law on point because movant based his argument on the incorporation of the IAD anti-shuffling provision, i.e. requiring the dismissal of any charge left unresolved before a prisoner is returned to his original place of incarceration, into the UMDDL. Assuming for the sake of movant's argument, but not deciding that the anti-shuffling dismissal provision of the IAD is applicable to the UMDDL, it is clear that prior to his entry of his plea of guilty on May 1, 1991, movant waived his request for disposition of the cases. Therefore, even if we agree with the movant, his waiver effectively dis-

posed of any arguably existing rights under the UMDDL.

 Since movant's proposal is an original one, the decisions of our colleagues in the federal system concerning waiver under the IAD are informative. It is well-established that the IAD's anti-shuffling provision movant argues should be incorporated in the UMDDL can be waived. The federal courts have consistently held that the rights created by the IAD are statutory rights, not fundamental or constitutional in nature. *See United States v. Lawson*, 736 F.2d 835 (2nd Cir.1984); *United States v. Black*, 609 F.2d 1330, 1334 (9th Cir.1979), *cert. denied*, 449 U.S. 847, 101 S.Ct. 132, 66 L.Ed.2d 56 (1980). Moreover, the federal courts have concluded that the rights created by Article IV of the IAD are nonjurisdictional and waivable. *See United States v. Eaddy*, 595 F.2d 341 (6th Cir.1979). Under the IAD, waiver is shown by proof that the prisoner has affirmatively requested treatment in a manner contrary to Article IV(c) or (e). *See Kowalak v. United States*, 645 F.2d 534, 537 (6th Cir.1981) aff'd without opinion 714 F.2d 143 (6th Cir.1983); *Yellen v. Cooper*, 828 F.2d 1471, 1474 (10th Cir. 1987). Movant's express waiver of his prior request for disposition of detainers effectively deprived movant of any arguably existing rights afforded by the UMDDL.

Since movant's waiver is dispositive of the points he raises on appeal, we shall not directly address those points.

JUDGMENT AFFIRMED.

CARL R. GAERTNER, P.J., and AHRENS, J., concur.