**Sean JOHNSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 50755.**

Missouri Court of Appeals,
Western District.

Feb. 27, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 2, 1996.

Application to Transfer Denied
May 28, 1996.

Dennis J.C. Owens, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Fernando Bermudez, Assistant Attorney General, Jefferson City, for respondent.

Before BRECKENRIDGE, P.J., and ULRICH and LAURA DENVIR STITH, JJ.

BRECKENRIDGE, Presiding Judge.

Sean Johnson pleaded guilty to one count of murder in the second degree, § 565.021, RSMo 1994,[1] one count of assault in the first degree, § 565.050, and two counts of armed

1. All statutory references are to the Revised Statutes of Missouri 1994.

criminal action, § 571.015. Pursuant to a plea agreement, the plea court sentenced Mr. Johnson to one twenty-year term of imprisonment for the second degree murder count, one twenty-year term for the first degree assault count, and two fifteen-year terms for each of the armed criminal action counts. These sentences were ordered to be served consecutively with each other and consecutively with a sentence Mr. Johnson was currently serving.

Mr. Johnson timely filed a verified *pro se* Rule 24.035 motion for postconviction relief. The motion, which alleged ineffective assistance of counsel and failure to uphold a plea agreement, included a request for an evidentiary hearing. An unverified amended motion, also alleging ineffective assistance of counsel, was later filed by movant's postconviction counsel.[2] After examining the ineffective assistance of counsel allegations, the motion court denied the Rule 24.035 motion without an evidentiary hearing.

Mr. Johnson now appeals the denial of his Rule 24.035 motion. He raises three points on appeal, alleging that: 1) the guilty plea court erred in failing to clearly explain the meaning of the term "consecutive" and its impact upon Mr. Johnson's guilty plea; 2) he was denied effective assistance of counsel because his attorney advised him that his guilty plea sentences would "run together" and failed to correctly explain consecutive sentences; and 3) he was denied effective assistance of counsel because his attorney failed to contact, interview, or investigate five alibi witnesses and, instead, advised Mr. Johnson to plead guilty. The motion court's judgment is affirmed.

■ A motion court's order denying relief on a Rule 24.035 motion is reversed only when its findings or conclusions are clearly erroneous. Rule 24.035(j). An appellate court may determine that the motion court's findings and conclusions are clearly erroneous only if a full review of the record leaves the definite and firm impression that a mis-

take has been made. *Antwine v. State*, 791 S.W.2d 403, 406 (Mo. banc 1990), *cert. denied*, 498 U.S. 1055, 111 S.Ct. 769, 112 L.Ed.2d 789 (1991).

■ Mr. Johnson's first point on appeal, alleging that the guilty plea court failed to explain the meaning of the term "consecutive" and its impact upon Mr. Johnson's guilty plea, was not raised in either of his motions for post-conviction relief. Claims omitted from post-conviction motions are waived and will not be considered on appeal. Rule 24.035(d). *See also State v. Oxford*, 791 S.W.2d 396, 401 (Mo. banc 1990), *cert. denied* 498 U.S. 1055, 111 S.Ct. 769, 112 L.Ed.2d 789 (1991); *State v. Green*, 798 S.W.2d 498, 507 (Mo.App.1990). The first point is denied.

Mr. Johnson's second point on appeal claims that he was denied effective assistance of counsel because his attorney advised him that his guilty plea sentences would "run together." Mr. Johnson argues that his attorney misinformed him of the impact of the term "consecutive" on his sentence, and that his reliance upon this advice was reasonable. He asserts that this alleged advice rendered his plea unintelligent and involuntary, that he would not have pleaded guilty if he had known about the correct sentence, and that the motion court erred when it denied his motion for an evidentiary hearing.

■ Guilty pleas must be made knowingly and voluntarily. *See Wiles v. State*, 812 S.W.2d 549, 551 (Mo.App.1991). Mistaken beliefs about sentencing may affect a defendant's ability to knowingly enter a guilty plea if: 1) the mistake is reasonable, and 2) the mistake is based upon a positive representation upon which movant is entitled to rely. *Miller v. State*, 869 S.W.2d 278, 279 (Mo.App. 1994); *McFarland v. State*, 796 S.W.2d 674, 676–77 (Mo.App.1990). "An appellant's belief as to his or her anticipated sentence is necessarily subjective, but the test to be applied when determining voluntariness is whether there was a reasonable basis in the guilty plea record for the defendant to have such a

---

**2.** Between January 1, 1988 and January 1, 1996, Rule 24.035(f) required movants to verify amended motions. Unverified amended motions should be dismissed. *McDaniels v. State*, 806 S.W.2d 450, 451 (Mo.App.1991). Because Mr.

Johnson's amended motion added no new allegations to the original *pro se* motion, his appeal is unaffected by the amended motion's lack of verification.

belief." *Kerr v. State,* 768 S.W.2d 677, 679 (Mo.App.1989) *(quoting Marlatt v. State,* 672 S.W.2d 165, 167 (Mo.App.1984)).

■ Rule 24.035 entitles a movant to an evidentiary hearing on the movant's motion if: 1) the movant alleges facts, rather than conclusions, which, if true, warrant relief; 2) the record does not refute those facts; and 3) the movant was prejudiced by the matters alleged.[3] *Hampton v. State,* 877 S.W.2d 250, 252 (Mo.App.1994). No hearing will be held if the record of the case conclusively shows that the movant is entitled to no relief. Rule 24.035(g); *State v. Blankenship,* 830 S.W.2d 1, 16 (Mo. banc 1992).

■ At the time Mr. Johnson entered the guilty plea, he was serving a five year sentence for tampering in the second degree. The plea court informed Mr. Johnson that his sentences would "run consecutively with each other and consecutively with the sentence previously imposed in Case Number CR88–0422." Mr. Johnson's attorney also described the plea agreement as "all of these sentences to run consecutive to each other, as well as consecutive to the sentence the defendant is now serving in Case Number CR88–0422."

The plea agreement, referred to by the plea court as Exhibit 1, specified that all counts would be "consecutive to each other and consecutive to sent. in CR88–0422." Paragraph nine of the plea agreement, which is typewritten, states:

> If I am presently on probation or parole in this or any other Court, I know that by pleading GUILTY here my probation or parole may be revoked, and I may be required to serve time in that case which may be consecutive, that is, *in addition to* any sentence imposed upon me in this case.

(emphasis added).

Although paragraph nine does not directly apply to Mr. Johnson, because he was not on probation or parole at the time he pled guilty, the paragraph does provide a definition of consecutive which contradicts Mr.

Johnson's claim that he had a reasonable belief that consecutive meant "run together." After filling out the plea agreement, Mr. Johnson gave the following testimony:

Q. Okay. Now, Mr. Johnson, with respect to the plea bargain agreement that we've discussed, do you believe that agreement is in your best interest and are you asking the Court to accept this agreement?
A. Yes, Your honor.
Q. Okay. Now, the range of punishment, we need to go over that with you but, before we do that, you and your attorney have handed me a petition to enter a plea of guilty, which has been marked Defendant's Exhibit 1, is that correct?
A. Yes, sir.
Q. And did you sign each page of Exhibit 1?
A. Yes, Your Honor.
Q. Did you read all of Exhibit 1?
A. Yes, Your Honor.
Q. Did you go over Exhibit 1 line by line with your attorney?
A. Yes, Your Honor.
Q. Did your attorney explain everything in Exhibit 1 to you?
A. Yes, Your Honor.
Q. Did you understand everything in Exhibit 1?
A. Yes, Your Honor.
Q. And do you swear that the statements contained in Exhibit 1 are true, accurate, and correct in every respect?
A. Yes, Your Honor.

■ Statements made by the defendant during sentencing refute ineffective assistance of counsel claims if the questions and responses are "specific enough to refute conclusively the movant's allegations." *See State v. Driver,* 912 S.W.2d 52, 56 (Mo. banc 1995). Mr. Johnson confirmed to the plea court that he had read the entire plea agreement "line by line" and "understood everything" in it. Thus, he acknowledged that he had read and understood the portion of the plea agreement which defined "consecutive" as "in addition to."

---

3. Mr. Johnson failed to include a transcript of his guilty plea hearing on appeal. As the appealing party, he has the obligation to provide a transcript of all proceedings necessary for the resolution of points on appeal. *Greathouse v. State,*

859 S.W.2d 247, 249 (Mo.App.1993). This court exercised its discretion under Rule 81.12(e) to obtain a copy of the guilty plea transcript from the clerk of the plea court.

The motion court found that the record of the guilty plea refuted Mr. Johnson's allegation that he reasonably believed, based on his attorney's explanation, that consecutive meant "run together." This court cannot say, based on the record, that the motion court's finding was clearly erroneous. *Imhoff v. State,* 763 S.W.2d 361, 364 (Mo.App. 1989). Thus, the motion court did not err in denying relief to Mr. Johnson without an evidentiary hearing. *Id.* Point denied.

Mr. Johnson's third point on appeal claims that he was denied effective assistance of counsel because his attorney failed to contact, interview, or investigate five alibi witnesses and, instead, advised Mr. Johnson to plead guilty. In the plea agreement signed by Mr. Johnson, he stated that his attorney had done everything he was asked to do, "including interview all my witnesses." This statement in Mr. Johnson's plea agreement sufficiently refutes his allegation under his third point. *Blankenship,* 830 S.W.2d at 16. Point denied.

The motion court's denial of post-conviction relief to Mr. Johnson is affirmed.

All concur.