**STATE of Missouri,
Plaintiff/Respondent.**

v.

**Terry NORTON, Defendant/Appellant,**

No. ED 74377.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 5, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied. Dec. 1, 1999.

Application for Transfer Denied
Jan. 25, 2000.

David Simpson, Public Defender, Columbia, for appellant.

John Munson Morris, III, Asst. Atty. Gen., Shaun J. Mackelprang, Jefferson City, for respondent.

Before KATHIANNE KNAUP CRANE, P.J., ROBERT G. DOWD, Jr., J., and SHERRI B. SULLIVAN, J.

PER CURIAM.

Defendant, Terry Norton, pleaded guilty to one count of deviate sexual assault in the first degree, Section 566.070 RSMo (1994). The trial court sentenced defendant to seven years imprisonment and entered judgment on defendant's conviction and sentence. Defendant appeals from that judgment. On appeal he contends the trial court lacked subject-matter jurisdiction because it failed to bring him to trial

within 180 days after he was first arrested. We affirm because compliance with the speedy trial act is not jurisdictional.

▮ For his only point on appeal, defendant contends that the trial court lost subject-matter jurisdiction and could not accept his guilty plea after his constitutional right to a speedy trial was violated. Although a guilty plea ordinarily waives all defenses and errors, a defendant may directly appeal from a guilty plea to attack either the jurisdiction of the trial court or the sufficiency of the information or indictment. *State ex rel. Simmons v. White*, 866 S.W.2d 443, 446 fn. 4 (Mo. banc 1993); *State v. Sparks*, 916 S.W.2d 234, 236 (Mo. App.1995). It is well-settled that a defendant's right to a speedy trial is not jurisdictional. *Rew v. State*, 472 S.W.2d 611, 613 (Mo.1971); *Hulstine v. State*, 533 S.W.2d 228, 230 (Mo.App.1975). However, defendant argues that a violation of his constitutional right to a speedy trial presents a jurisdictional question similar to that raised when a convicted prisoner is not tried within 180 days after a proper request is made under Section 217.450 et seq., RSMo (1994), dealing with the disposition of detainers. This argument has no merit. While compliance with the speedy trial provision of the Uniform Mandatory Disposition of Detainers Law (UMDDL) is a jurisdictional prerequisite to the State's ability to try a defendant on charges pending against that defendant, that right may be waived. *Kenneth–Smith v. State*, 838 S.W.2d 113, 116 (Mo.App.1992). A defendant's voluntary and intelligent plea of guilty to a charge waives any right to a speedy disposition of a detainer filed on that charge under the UMDDL. *Ellsworth v. State*, 964 S.W.2d 455, 457 (Mo. App.1998). Defendant has failed to raise a jurisdictional question which this court could consider.

The judgment is affirmed.