**Michael E. LEE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 60905.**

Missouri Court of Appeals,
Western District.

Nov. 5, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Dec. 24, 2002.

Application for Transfer Denied March 4, 2003.

Kent Denzel, Assistant State Public Defender, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea M. Follett, Asst. Atty. Gen., Jefferson City, MO, for respondent.

Before JAMES M. SMART, P.J., ROBERT G. ULRICH and RONALD R. HOLLIGER, JJ.

ROBERT ULRICH, Judge.

Michael Lee appeals the judgment of the motion court denying his Rule 24.035 motion for postconviction relief following

an evidentiary hearing. Mr. Lee sought to vacate his conviction for stealing, Section 570.030, RSMo 2000, and sentence of ten years imprisonment. He claims that trial counsel was ineffective because she erroneously advised him to enter a guilty plea before determining whether the 180 day time limitation outlined in Section 217.460 of the Uniform Mandatory Disposition of Detainers Law had expired. Mr. Lee also contends that trial counsel was ineffective for failing to explain the calculation of the 180 day time limitation to him thereby rendering his guilty plea unknowing and involuntary. He argues that had he understood that the 180 day period had not expired he would not have pled guilty. The judgment of the motion court is affirmed.

### Factual and Procedural Background

Michael Lee was charged by felony complaint with one count of class C felony stealing, Section 570.030, RSMo 2000, on January 31, 1997. The complaint alleged that Mr. Lee stole a 1990 Pontiac Grand Prix that he later wrecked. Shortly thereafter, he began serving concurrent three-year sentences for prior offenses that he committed in Clay, Boone, and Ray Counties. While incarcerated, Mr. Lee filed a request for speedy disposition of his felony stealing case pursuant to the Uniform Mandatory Disposition of Detainers Law ("UMMDL"), Sections 217.450 to 217.485, RSMo 2000. Section 217.460 provides that, subject to certain exceptions, the complaint shall be brought to trial within 180 days after receipt of the request and certificate by the court and prosecuting attorney unless the 180 day period is tolled. Here, the court and prosecutor received the request and certificate on April 8, 1998. Absent any exceptions that might toll the 180 day period, the complaint had to be brought to trial within 180 days of April 8, 1998. On July 27, 1998,

Mr. Lee filed a motion for a change of judge. His request was granted on August 24, 1998, when a new judge was assigned to hear the case. On September 4, 1998, Mr. Lee entered a plea of not guilty and a jury trial was set for November 7, 1998.

On October 26, 1998, Mr. Lee pleaded guilty to the charge pursuant to a plea agreement in which the State agreed to recommend suspended execution of a ten year sentence to run consecutive to the sentence for the prior offenses and five years supervised probation with the special condition that he pay restitution of at least $150 per month to the victims. Following an inquiry into Mr. Lee's understanding of the charges, range of punishment, and consequences of his plea, the court accepted his guilty plea and sentenced him accordingly.

Mr. Lee subsequently filed a *pro se* Rule 24.035 motion to vacate, set aside, or correct the judgment or sentence. An amended motion was filed on behalf of Mr. Lee by appointed counsel. In the amended motion, Mr. Lee alleged that his plea counsel was ineffective for advising him to plead guilty six days before the expiration of the 180 day time limit under the UMDDL instead of advising him to wait and file a motion to dismiss based on the court's subsequent loss of jurisdiction under Section 217.460, RSMo 2000.

An evidentiary hearing was held on Mr. Lee's postconviction relief motion. At the hearing, Mr. Lee's trial counsel testified that although she was able to recall that she and Mr. Lee had discussed the disposition of speedy trial motion on September 15, 1998, she could not recall the specifics of the conversation. She also testified that her notes did not reflect any detailed information regarding the conversation. When asked why she set the guilty plea hearing

for a date prior to the expiration of the 180 day time period, Mr. Lee's trial counsel testified that it was her understanding that Mr. Lee wanted to plead guilty and based on her calculation, the 180 day period would have expired after the trial date of November 7, 1998.[1] Mr. Lee testified that his trial counsel "did not respond in any particular way" when he reminded her of the disposition of speedy trial motion.

On December 28, 2001, the motion court found that Mr. Lee's failure to object or protest to a trial date outside of the 180 day period constituted his agreement to the court's action. The court further found that Mr. Lee's guilty plea constituted a disposition and that such disposition occurred within the 180 day period thereby satisfying Section 217.460, RSMo 2000. The motion court concluded, therefore, that Mr. Lee's counsel was not ineffective. This appeal followed.

## Standard of Review

Appellate review of the denial of a postconviction relief motion is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *State v. Roll,* 942 S.W.2d 370, 375 (Mo. banc), cert. denied, 522 U.S. 954, 118 S.Ct. 378, 139 L.Ed.2d 295 (1997). The motion court's findings and conclusions are presumptively correct. *Shackleford v. State,* 51 S.W.3d 125, 127 (Mo.App. W.D.2001). Findings and conclusions are clearly erroneous only if, after a review of the entire record, the appellate court is left with a definite and firm impression that a mistake has been made. *Roll,* 942 S.W.2d at 375.

To prevail on an ineffective assistance of counsel claim, a movant must establish that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances and that he was prejudiced thereby. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). There is a strong presumption that counsel was competent. *State v. Harris,* 870 S.W.2d 798, 814 (Mo. banc 1994). The movant must prove by a preponderance of the evidence that trial counsel was ineffective. Rule 24.035(i); *Potts v. State,* 22 S.W.3d 226, 229 (Mo.App. W.D.2000). Where a guilty plea has been entered, the adequacy of defense counsel is immaterial unless it prevents the plea from being entered voluntarily and with an understanding of the charges. *Krider v. State,* 44 S.W.3d 850, 856 (Mo.App. W.D.2001). Prejudice exists only when trial counsel's actions are outcome determinative. *Harris,* 870 S.W.2d at 814. To satisfy the prejudice requirement following a guilty plea, a movant must show that, but for counsel's errors, he would not have pleaded guilty and would have insisted on a trial. *Roland v. State,* 824 S.W.2d 526, 529 (Mo.App.1992).

## Analysis

For his only point on appeal, Mr. Lee contends that the motion court clearly erred in denying his Rule 24.035 motion for postconviction relief. He contends that he was denied effective assistance of counsel because plea counsel advised him to enter a guilty plea without informing him that the 180 day period was scheduled to expire between the guilty plea hearing and the trial date. Mr. Lee claims that his guilty plea was unintelligent and involuntary because he was under the mistaken

---

1. At the postconviction relief motion hearing, both parties referred to November 7, 1998, as the trial date. The trial court's findings and the docket sheet indicate, however, that the trial date was scheduled for November 9, 1998.

belief that the 180 day period had already expired when he entered his guilty plea.

### Ineffective Assistance of Counsel

■ Mr. Lee's sole contention on appeal is that he was denied effective assistance of counsel because his plea counsel advised him to plead guilty when the 180 day period under the UMDDL was about to expire and that this rendered his guilty plea involuntary and unintelligent. He also argues that his plea counsel incorrectly calculated the expiration of the 180 day period. Mr. Lee claims that the 180 day period expired between October 26, 1998, the plea hearing date, and November 7, 1998, the trial date. His plea counsel testified that she calculated the 180 day period to expire after the trial date of November 7, 1998.

■ The first task is to determine when the 180 day period began. Section 217.460 of the UMDDL provides that the 180 day period begins when the court and prosecutor receive the request and certificate. In this case, the record reflects that both the court and prosecutor received the request and certificate on April 8, 1998. The second step is to determine whether the 180 day period was tolled. The 180 day period may be tolled: (1) for good cause shown in open court, the offender or his counsel being present; (2) the parties may stipulate for a continuance; and (3) a continuance may be granted if notice is given to the attorney of record with an opportunity for him to be heard. § 217.460, RSMo 2000. Additionally, any delay of a defendant's trial resulting from the defendant's affirmative action is excludable from the 180 day period. *State v. Laramore,* 965 S.W.2d 847, 850 (Mo.App. E.D.1998). In this case, an affirmative action by Mr. Lee took place on July 27, 1998, when he filed a motion for a change of judge. If a delay is actually necessary because of a motion

filed by the accused, the delay is excludable. *State v. Galvan,* 795 S.W.2d 113, 118 (Mo.App. S.D.1990). The 29 day time span between the filing of his motion and the assignment of the new judge is excluded from the 180 day calculation. Calculations indicate that the 180 day period expired on November 2, 1998.

■ Although Mr. Lee has established that his plea counsel incorrectly calculated the expiration of the 180 day period, this is insufficient to support an ineffective assistance of counsel claim. "The defendant must prove more than a mistake by his lawyer to establish ineffective assistance of counsel." *State v. Suter,* 931 S.W.2d 856, 867 (Mo.App. W.D.1996), *rev'd on other grounds by Deck v. State,* 68 S.W.3d 418 (Mo. banc 2002). "The mistake must undermine our confidence in the outcome of the proceeding." *Id.* Despite Mr. Lee's plea counsel's mistaken belief that the 180 day period expired after the November 7, 1998, trial date, Mr. Lee was not prejudiced.

■ Mr. Lee argues that his counsel should have advised him to wait and file a motion to dismiss when the 180 day period expired. He assumes that the court and the prosecutor would have allowed the 180 day period to expire without taking action. Nothing in the record supports this assumption. Mr. Lee agreed, moreover, to a trial setting beyond the expiration of the 180 day period. A defendant's request or acquiescence to a trial setting beyond the 180 day time period does not entitle him to a dismissal of the charges. *Carson v. State,* 997 S.W.2d 92, 98–99 (Mo.App. S.D.1999); *Woody v. State,* 904 S.W.2d 467, 470 (Mo.App. E.D.1995). The record is completely devoid of any action taken by Mr. Lee, which would indicate his dissatisfaction with the trial date. Mr. Lee's failure to object to the trial being scheduled beyond the 180 day dead-

line imposed by Section 217.460, RSMo 2000, constituted a waiver and tolled the statute. Even if Mr. Lee's plea counsel had advised him to wait until November 9, 1998, Mr. Lee would not have been able to dismiss the felony stealing charge because he acquiesced to a trial setting beyond the 180 day period.

■ At the guilty plea hearing, Mr. Lee testified that he was satisfied with his plea counsel's performance. A defendant who repeatedly assures the court that he is satisfied with his counsel's performance and that his counsel had done everything that he requested is later barred from obtaining postconviction relief based on ineffective assistance of counsel. *Estes v. State,* 950 S.W.2d 539, 542 (Mo.App. E.D. 1997). Mr. Lee testified:

> The Court: Have you had ample opportunity to discuss this case, these charges, with Ms. Dunn?
>
> Appellant: Yes, I have, sir.
>
> The Court: Did she—Has she explained the circumstances and facts surrounding these charges to you?
>
> Appellant: Yes sir. She has.
>
> The Court: Has she talked to any and all witnesses that you've asked her talk to?
>
> Appellant: I haven't asked her to talk to any witnesses, but yes.
>
> The Court: Has she basically done everything you've asked her to do?
>
> Appellant: Yes, sir.
>
> The Court: Has she done anything that you asked her not to do?
>
> Appellant: No, sir.
>
> \* \* \* \* \* \*
>
> The Court: Have you had plenty of time to talk to her about this case?
>
> Appellant: Yes, I have.
>
> The Court: Do you want to take a break and ask her any other questions that have come to your mind now since we've started?
>
> Appellant: No, sir.
>
> The Court: Do you have any complaints about her representation of you?
>
> Appellant: No, sir.
>
> The Court: Did she tell you a lie or withhold any facts from you today?
>
> Appellant: No, sir. She didn't.
>
> The Court: Has she answered all your questions?
>
> Appellant: Yes.
>
> The Court: Are you generally satisfied with her services?
>
> Appellant: Yes, sir.
>
> The Court: Anybody else you want to talk to before we conclude this hearing today?
>
> Appellant: No, sir.
>
> The Court: Have any promises been made to you to get you to plead guilty, other than the plea bargain that you heard Mr. Roberts [the prosecutor] set forth?
>
> Appellant: No, sir.
>
> \* \* \* \* \* \*
>
> The Court: Okay. Have all of your answers to the questions I've asked you here today been truthful?
>
> Appellant: Yes, sir.

The evidence presented supports the motion court's finding that Mr. Lee's counsel was not ineffective. By his own testimony, Mr. Lee repeatedly confirmed that his counsel was satisfactory. The trial court even offered Mr. Lee an opportunity to take a break during the guilty plea hearing to discuss any outstanding issues with his counsel. The record reflects that Mr. Lee did not accept this offer. Mr. Lee could have taken this opportunity to question his counsel regarding the 180 day period imposed by Section 217.460, RSMo 2000.

Mr. Lee has failed to prove that he was prejudiced by his plea counsel's actions.

### Involuntary and Intelligent Plea

 Mr. Lee contends that he entered a guilty plea because he was under the mistaken belief that the 180 day period had expired. Guilty pleas must be knowingly and voluntarily entered. *Johnson v. State*, 921 S.W.2d 48, 50 (Mo.App. W.D. 1996). To be entitled to postconviction relief based on a mistaken belief about a sentence, a movant's claims of mistaken belief must be reasonable. *Krider*, 44 S.W.3d at 857. A mistaken belief is reasonable only when the mistake is based on a positive representation upon which the movant is entitled to rely. *Id.* A movant's belief as to his anticipated sentence is necessarily subjective, but the test to be applied when determining voluntariness is whether a reasonable basis existed in the guilty plea record for the defendant to have had such a belief. *Johnson*, 921 S.W.2d at 50–51.

 As to Mr. Lee's mistaken belief, the guilty plea record is devoid of a reasonable basis for Mr. Lee to have believed that the 180 day period had already expired when he entered his guilty plea. Mr. Lee testified:

Q. And you say you decided to plead guilty because you thought the 180 day writ was void?

A. Yes.

Q. Who conferred upon you that little nugget of legal knowledge?

A. Well, it's like I said, on the in-house visit I asked her about it again and she never gave me no reply about it. So—

Q. Well—So, Ms. Dunn [Mr. Lee's counsel] didn't tell you it [the 180 day writ] was void.

A. No.

Q. Nobody represented to you that you no longer had any rights under that statute in order to influence you to plead guilty; is that right?

A. No one said I still had rights either.

\* \* \* \* \* \*

Q. You pled guilty on October 26, 1998, to a plea agreement?

A. Yes, I did.

Q. And you got the benefit of your plea agreement, didn't you?

A. Yes, I did.

Not only is there no reasonable basis in the record for Mr. Lee's belief, but there is also no evidence of a positive representation upon which he relied. By Mr. Lee's own admission, his trial counsel did not tell him that the 180 day period had expired. Furthermore, when presented with an opportunity to meet with his counsel to discuss any outstanding questions, Mr. Lee declined to do so. He cannot now complain that he did not understand the calculation of the 180 day period when he refused to meet with his counsel to clarify the issue. While an individual may proclaim he had a certain belief and may subjectively believe it, if it was unreasonable for him to entertain such a belief at the time of the plea proceeding, relief should not be granted. *State v. Rice*, 887 S.W.2d 425, 428 (Mo.App. W.D.1994). Mr. Lee has failed to establish that his mistaken belief was reasonable. His guilty plea was, therefore, voluntary and intelligent.

 The law in Missouri is well settled that a voluntary and intelligent guilty plea constitutes a binding waiver of all non-jurisdictional defenses and defects. *O'Neal v. State*, 925 S.W.2d 480, 482 (Mo. App. W.D.1996). The record establishes that Mr. Lee's guilty plea was voluntary and intelligent. The central issue is whether Mr. Lee's entry of a guilty plea waived his rights under the UMDDL to a

speedy disposition of the felony stealing charge.

 Compliance with the speedy trial provision of the UMDDL, Section 217.450, RSMo 2000, is a jurisdictional prerequisite to the State's ability to try a defendant on charges pending against that defendant. *State v. Norton,* 7 S.W.3d 459, 460 (Mo.App. E.D.1999). The UMDDL provides the defendant the right to obtain a disposition of all pending charges within 180 days after a proper request. In this case, Mr. Lee entered a guilty plea within the 180 day period. Because his guilty plea was entered within the statutory time frame, a disposition of the charges pending against Mr. Lee occurred. The speedy trial provision of the UMDDL was, thus, satisfied.

A defendant may, moreover, waive his right to a speedy trial under the UMDDL. *Kenneth-Smith v. State,* 838 S.W.2d 113, 116 (Mo.App. E.D.1992). The issue is whether a defendant waives his right to a speedy trial under the UMDDL by entering a guilty plea. Only one Missouri case has reached this issue and did so in a cursory fashion. *See Norton,* 7 S.W.3d at 460. A defendant's voluntary and intelligent plea of guilty to a charge waives any right to a speedy disposition of a detainer filed on that charge under the UMDDL. *Id.* Although a defendant's voluntary and guilty plea waives a defendant's right to a speedy trial, it can only do so if it is entered within the 180 day period, which may be tolled. Otherwise, the plea court would be accepting a guilty plea outside of the 180 day period and lack jurisdiction. Where a court lacks jurisdiction over a criminal charge, it also lacks jurisdiction to accept a plea of guilty to that charge. *State v. Sederburg,* 25 S.W.3d 172, 174 (Mo.App. S.D.2000).

The evidence presented demonstrates that Mr. Lee's guilty plea was intelligent, knowing, and voluntary and that he received the benefit of the plea agreement. As Mr. Lee was granted a disposition of the felony stealing charge pending against him within 180 days of his request, he was not prejudiced by his plea counsel's advice to enter a guilty plea. Mr. Lee's sole point on appeal is denied.

The judgment of the motion court denying Mr. Lee's Rule 24.035 motion for postconviction relief is affirmed.

All concur.