**STATE of Missouri, Respondent,**

v.

**Billy Earl WILLIAMS, Appellant.**

**No. 64019.**

Supreme Court of Missouri,
En Banc.

Feb. 23, 1983.

David M. Strauss, Public Defender, John M. Cave, II, Asst. Public Defender, Columbia, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Nancy Kelley Baker, Asst. Attys. Gen., Jefferson City, for respondent.

HIGGINS, Judge.

Billy Earl Williams was convicted by a jury of attempt to escape; second degree assault; and displaying a deadly weapon. His punishment was fixed at imprisonment for five years on each count. He contends the trial court erred in failing to declare a mistrial because of a series of three prejudicial comments made by the prosecuting attorney during closing argument. The Court of Appeals, Western District, found the trial court had sustained defendant's objection to the third improper comment thereby curing any error, but had erred in overruling objections to two previous statements. The court then reviewed the contention as a matter of plain error; found no manifest injustice or miscarriage of justice, and affirmed the judgment. Three judges dissented and certified the case to this Court. The question is whether the comments of the prosecuting attorney improperly suggested that the trial court had found defendant guilty, thereby prejudicially influencing the jury's determination and resulting in manifest injustice. Reversed and remanded.

On March 31, 1980, Billy Williams attempted to escape from the Callaway County Jail by holding a knife to the neck of a guard. When one of the prisoners called for help, Williams cornered the man, threatened to kill him, and slapped him in the face. Williams then ran down a hallway to a locked door. He was unable to open the door and was subsequently subdued by force.

Appellant's contention that the court should have declared a mistrial arises from an exchange which occurred during the prosecuting attorney's closing argument:

PROSECUTING ATTORNEY: There's another thing, Mr. Cave, the Defense Counsel, has told you that there isn't really enough here for you to return a guilty verdict. Now if there wasn't enough in

evidence for you to return a guilty verdict, you wouldn't be sitting here right now.

DEFENSE COUNSEL: I object.

COURT: Objection overruled.

PROSECUTING ATTORNEY: The judge would not give you instructions, the judge would not ask you to go into your jury room and deliberate.

DEFENSE COUNSEL: I object, she's telling the jury the fact the Defendant is charged creates an inference that he's guilty of something which is precisely contrary to the instructions and contrary to the law.

COURT: Objection will be overruled.

PROSECUTING ATTORNEY: The instructions tell you to go to your jury room and to deliberate, and the only reason you're going to the jury room to deliberate is because the judge has found there is enough evidence for you to convict Billy Williams of all the charges he's instructed.

DEFENSE COUNSEL: Objection, bringing the Court into a determination of guilt in this matter, which is entirely contrary to the law.

COURT: That objection will be sustained, the jury will disregard counsel's last comment. Let's proceed.

Defense counsel sought no further curative action, and none was taken by the trial court. Appellant contends this exchange substantially prejudiced his right to a fair trial, constitutes plain error under Rule 29.-12(b), and requires a new trial.

■ Whether such errors constitute manifest injustice or miscarriage of justice so as to warrant a new trial depends on the degree to which the remarks compromise the trial court's impartiality; the curative measures requested by the objecting party; and whether the curative measures taken by the trial court, if any, were sufficient to remove any decisive effect the erroneous comments may have had on the jury's determination of guilt. *See State v. Newlon,* 627 S.W.2d 606, 616 (Mo. banc 1982); *State v. Jones,* 615 S.W.2d 416, 420 (Mo.1981).

■ It is fundamental that the trial court must remain unbiased and impartial. Any jury argument which places the impartiality of the trial court judge in question constitutes error. *State v. Green,* 292 S.W. 283, 288 (Mo.1956); *State v. Stegner,* 276 Mo. 427, 440, 207 S.W. 826, 830 (1918); *State v. Ulrich,* 110 Mo. 350, 365–66, 19 S.W. 656, 660 (1892). In *Stegner,* the prosecuting attorney stated during closing argument that the trial court judge would have "grabbed the prosecutor and principal witness and thrown them out the window ..." had he not been satisfied that a finding of guilt was authorized. *Stegner,* 207 S.W. at 830–31. The Court held:

[S]uch a remark cannot be construed other than as prejudicial. It says in effect to the jury:

"In addition to the evidence adduced, the court thinks this defendant guilty, or he would not have permitted this prosecution."

In the face of the numerous admonitions given by this court to prosecuting attorneys to refrain from that intemperate zeal which has no place in the prosecution of crime, and is in clear violation of official duty, we find nothing to palliate this conduct. That it was prejudicial to the appellant is beyond question, and what would otherwise have been a conviction meriting an affirmance must be reversed and remanded.

*Id.* at 831.

This principle was reaffirmed in *State v. Green,* 292 S.W.2d 283 (Mo.1956). Although the reference to the trial judge was determined non-prejudicial, the Court stated "[p]rosecuting officials should exercise great care to avoid trading on the name of the trial judge whose function it is to preside as an impartial arbiter. As shown by the *Stegner* case this can lead to prejudicial error." *Id.* at 288.

The prosecutor's argument in this case violated the rule set out in *Stegner* and *Green.* The prosecutor's first errant comment implied the jury would not be required to deliberate if the trial court did not believe the defendant was guilty: "Now if

there wasn't enough in evidence for you to return a guilty verdict, you wouldn't be sitting here right now." Although not a misstatement of trial procedure, this comment implies the trial court has decided the defendant is guilty. The second comment provides emphasis to the same inference, and expressly implicates the trial court in the determination of guilt: "The judge would not give you instructions, the judge would not ask you to go into the jury room and deliberate." After twice receiving the trial court's apparent approval, the prosecuting attorney proceeded with yet a third comment which gave further emphasis to the prior inferences: "[T]he only reason you're going into the jury room to deliberate is because the judge has found there is enough evidence to convict Billy Williams of all charges...." Defense counsel objected to each statement; only his objection to the third comment was sustained.

█ The argument first implied, then directly stated that if the trial court had not been satisfied that a finding of guilt was proper, the case would not have gone to the jury. This says to the jury that the trial court has found the state's evidence credible and believes the defendant is guilty. This argument compromised the trial court's role as an impartial arbiter.

Defense counsel objected to each improper remark, thus preserving any error for review. Although further curative action was not requested by defense counsel, the absence of request did not preclude the trial court from taking additional curative action. The curative action taken by the trial court was not sufficient to cure the error created by the prosecuting attorney. Following the first two comments the trial court failed to sustain defense counsel's objections, thus giving the prosecuting attorney's argument the imprimatur of the trial court and compounding the error. *Jones,* 615 S.W.2d at 420. The third comment directly stated the court believed the defendant was guilty. Although counsel's objection was sustained and the jury was instructed to disregard that statement, the last comment was a restatement of the first

two erroneous comments; the trial court's action could serve only to confuse the jury and failed to erase the aspersion cast on the trial court's impartiality.

The effect of the three comments, considered together with the inadequate curative action taken by the trial court, leaves the jury with but one conclusion: The trial court believed the state's evidence indicating the defendant's guilt. A manifest injustice would occur if a verdict rendered by a jury operating under such a belief were allowed to stand. Sup.Ct. R. 29.12(b).

The judgment is reversed and the cause is remanded for a new trial.

WELLIVER, GUNN, BLACKMAR and DONNELLY, JJ., and HOUSER, Senior Judge, concur.

RENDLEN, C.J., concurs in result.

BILLINGS, J., not sitting.