**STATE of Missouri, Respondent,**

v.

**Orville JACKSON, Appellant.**

**No. 48401.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 26, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Feb. 13, 1985.

Application to Transfer Denied
April 2, 1985.

Henry B. Robertson, Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Chief Judge.

Defendant, Orville Jackson, appeals from his conviction, after a trial to the court of possession of heroin, a Schedule I controlled substance. § 195.020 (RSMo.Supp. 1984). He was found to be a persistent offender, and sentenced to a term of 14 years' imprisonment. § 195.200.1.(3) (RSMo.Supp.1984). We affirm.

Defendant raises two points on appeal. First, he alleges that the trial court erred in denying his motion to suppress a bag containing eight capsules of heroin which was found on his person. He contends that the search which led to the discovery of the bag was constitutionally infirm because it was the result of an illegal arrest. Defendant's second point attacks the sufficiency of the evidence.

Defendant's first point requires us to review the events leading up to his arrest and the discovery of the heroin on his person. In February 1983, police received information that defendant was selling heroin and cocaine from a residence at 3959A Palm, in the City of St. Louis. The information came from a confidential informant who said that defendant lived at that address. Acting on this information, police began watching the premises. The address was the second floor apartment in a two-family flat. During the course of their surveillance they saw defendant enter and leave the residence, with a key, several times. They also observed numerous people, some known drug addicts, come to the

building for short periods of time, and then leave.

On February 23, 1983, police obtained a warrant to search 3959A Palm. In support of the application, two officers submitted affidavits attesting to the facts recited above. In addition, the officers stated that the informant had given reliable information at least three times in the previous six months, and that the informant told them he had been in the apartment within the previous 48 hours and had seen heroin and cocaine in the apartment.

On February 24, 1983, the day after the warrant was issued, police went to 3959A Palm to execute it. The police arrived at 7:30 p.m. but did not enter immediately. At about 8:00 p.m., they saw defendant leave the address and begin walking down the street. When he was about 150 yards from the building he was stopped by the police. He was frisked, and the frisk revealed a set of keys. Police took defendant back to the house, and began trying to open the door with a key. Upon realizing that people were still in the apartment, however, police broke down the door. Two adults and a small child were inside. A search of the premises revealed some drug paraphernalia, including a strainer with traces of heroin on it.

After the search, defendant and one of the other adults in the apartment were arrested. They were taken to police headquarters in downtown St. Louis. A strip search of defendant revealed the bag containing eight capsules of heroin.

Defendant maintains that his initial stop on the street was in fact an unlawful arrest, and that the discovery of heroin on his person thereafter was tainted by the illegality. He does not contest the validity of the search warrant, but asserts that its execution did not provide probable cause for his arrest, and could not remove the taint from the already illegal detention.

■ We begin by addressing the stop of defendant on the street. We agree that this was more than a mere investigatory stop, and that defendant was actually "seized" even though he was not formally arrested. Indeed, one of the officers testified that defendant was not free to leave and would have been restrained had he tried to walk away. The stop, therefore, must have been supported by probable cause to arrest. *Dunaway v. New York*, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979). We determine that police had probable cause and that his arrest was legal.

■ Probable cause to arrest exists when the facts and circumstances within the knowledge of the arresting officers, and of which they have reasonably trustworthy information, are sufficient to warrant a belief by a person of reasonable caution that the person to be arrested has committed a crime. *State v. Reynolds*, 619 S.W.2d 741, 746 (Mo.1981). We determine whether there was probable cause based upon the facts known to the police at the time. *State v. Moore*, 659 S.W.2d 252, 255 (Mo.App.1983). The determination is made upon practical considerations of everyday life, on which reasonable persons act, not the hindsight of legal technicians. *State v. Heitman*, 589 S.W.2d 249, 253 (Mo. banc 1979), *cert. den.* 446 U.S. 941, 101 S.Ct. 29, 65 L.Ed.2d 1174 (1980).

■ Here, defendant was stopped 150 yards from the house for which the police had a valid search warrant. Although defendant argues that the State did not show the house was his residence, it is clear from the record that he had free access to the premises by means of key. In addition, the previously reliable informant had specifically identified defendant as the person who was selling controlled substances from that address. The surveillance had given the police some indication of the reliability of the tip. We find these facts to be sufficient to cause a person of reasonable caution to believe defendant was committing an offense. *See State v. Moore*, 659 S.W.2d at 257–58.

Our conclusion is buttressed by a comparison of this case with *United States v. Boyd*, 696 F.2d 63 (8th Cir.1982). In *Boyd*,

the court affirmed a conviction on facts strikingly similar to those presented here. Probable cause to arrest the defendant was found based upon a tip from a reliable informant that defendant was involved in drug traffic from a house. Other information known to the police at the time included their observation of defendant and known drug users going in and out of the specified house, and the informant's tip that he had seen contraband inside the house. The police procedures were also similar to those followed here. They obtained a search warrant, went to the house, saw defendant leave, followed him for a considerable distance, and then stopped him and took him back to the house. The Eighth Circuit found probable cause to arrest at the time of the stop, and held the subsequent search to be lawful. Similarly, we find the stop, detention, and subsequent formal arrest were supported by probable cause. The search was therefore lawful and the trial court did not err in overruling the motion to suppress.

■ Defendant's second point challenges the sufficiency of the evidence insofar as the conviction rests on a finding of his possession of the heroin inside the apartment. He maintains that the State did not prove 3959A Palm was his residence and that it failed to show he possessed any of the heroin found there.

Defendant's point necessarily relies on the suppression of the heroin capsules found on his person. Because that evidence was properly admitted, it alone is sufficient to support the conviction. Any error in relying on the heroin found in the house would be harmless. For this reason we do not determine whether the evidence was sufficient to support a finding that defendant possessed the heroin in the house.

The judgment is affirmed.

DOWD, CRIST and CRANDALL, JJ., concur.