**STATE of Missouri, Respondent,**

v.

**Todd Wade WESSEL, Appellant.**

**No. 74146.**

Missouri Court of Appeals,
Eastern District,
Division Two.

May 25, 1999.

---

Raymond J. Capleovitch, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Krista D. Boston, Asst. Atty. Gen., Jefferson City, for respondent.

JAMES R. DOWD, Presiding Judge.

Todd Wade Wessel (Defendant) appeals from the judgment entered following his jury conviction for driving while intoxicated in violation of section 577.010, RSMo 1994. We reverse and remand for a new trial.

On April 19, 1996, Officer Larry Byndom of the Missouri State Highway Patrol was traveling westbound on Interstate 70 in St. Charles County in the far right lane when he noticed another vehicle pass his marked patrol car while traveling at a high rate of speed. Officer Byndom estimated the vehicle's speed at about 80 miles per hour and he pulled the vehicle over. Defendant was the driver of the vehicle. When Officer Byndom approached Defendant, he could smell a strong odor of intoxicating beverage coming out of the vehicle and Defendant. As Defendant exited his car, he had to grab on the side of it to maintain his balance to come to the rear of the vehicle. Defendant was swaying and his eyes were watery and bloodshot.

Officer Byndom asked Defendant to recite the alphabet, which he did. Defendant was unable to complete the one-leg stand test, which required him to stand on one leg with his arms to his side for about 30 seconds. Defendant used his arms to maintain his balance and put his foot down constantly. Officer Byndom also performed the gaze nystagmus test on Defendant. The results of this test indicted to Officer Byndom that Defendant was intoxicated.

At this time, Officer Byndom placed Defendant under arrest for speeding and driving while intoxicated. He read Defendant his *Miranda*[1] rights and then transported him to the St. Charles County Sheriff's Department to give him a breathalyzer test. Upon arriving at the Sheriff's Department, Officer Byndom advised Defendant of the Missouri Implied Consent Law and asked him to submit to a breathalyzer test. Defendant then requested to talk to an attorney. Officer Byndom gave him twenty minutes to contact his attorney. After twenty minutes, Officer Byndom again asked Defendant to take the

---

**1.** *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) requires those taken into police custody be advised that they have the right to remain silent and anything they say can and will be used against them and they have the right to counsel prior to submitting to interrogation.

breath test, but he again refused until he spoke with his attorney.

The State charged Defendant with driving while intoxicated and a trial was held on December 15, 1997. Following trial, the jury convicted Defendant and the court sentenced him to four years of imprisonment. Defendant now appeals.

In his single point on appeal, Defendant contends the trial court erroneously admitted testimony from Officer Byndom and allowed improper closing argument by the State which violated his right to silence, right to counsel and to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 19 of the Missouri Constitution.

Defendant complains about the following testimony in the State's direct examination of Officer Byndom:

Q. Did you read him his Miranda rights?

A. Yes, Mr. Wilson (sic) was given his Miranda rights then taken into custody.

. . .

Q. What did you tell him [about the Missouri Implied Consent Law]?

A. If you refuse to take the test, your driver's license shall immediately be revoked for one year. Evidence of your refusal to take the test may be used against you in prosecution in a court of law. Having been informed of the reasons for requesting the test, will you take the test?

Q. Did he indicate he understood all of that?

A. Yes.

Q. What did he tell you?

A. He wanted to talk to an attorney.

Q. What did you do when he asked that?

A. I gave him a phone book and access to a telephone and twenty minutes to contact his attorney required by state statute.

Q. Did you observe him when he did that?

A. Yes, he was standing right across the room from me next to a phone.

Q. Did you ever see him dial the phone?

A. He was attempting to make some phone calls but I don't know if he contacted anyone.

Q. Did he ever tell you that he had called anyone in particular?

A. Yes, he said he was trying to contact Richard Zerr.

Q. But you don't know if he ever reached anyone at that point?

A. No.

Q. What happened after twenty minutes?

A. After twenty minutes, I took Mr. Wessel before the BAC Verifier, asked him if he would take the breath test.

Q. What did he tell you then?

A. He said he wasn't taking any test until he contacted an attorney.

In addition, in closing argument, the prosecutor argued:

Finally, I ask you to consider this whole issue of calling for advice and refusing to take a breath test. I ask you to question yourself, each of you, does a person who is stopped and accused of driving while intoxicated that hadn't been drinking that much, knows they haven't been drinking that much and knows that they are sober, does that person have to call anybody for advice?

At this time, defense counsel did object that the State could not tell the jury that Defendant does not have the right to an attorney. The court sustained this objection, but counsel failed to request any curative measure.

█ Defendant concedes his point of error was not preserved for appellate review. During the direct examination of Officer Byndom, defense counsel never objected. In addition, this point of error was not included in the motion for new trial as

required by Rule 29.11(d). However, Defendant requests plain error review pursuant to Rule 30.20. A claim of plain error exists only where there are substantial grounds for believing that manifest injustice or miscarriage of justice has resulted. *State v. Brown,* 902 S.W.2d 278, 284 (Mo. banc 1995); Rule 30.20.

We need not and do not decide in this case whether the examination of Officer Byndom was plain error. The State concedes and we agree that the prosecutor's argument was plain error warranting reversal and remand for a new trial.

 In *Doyle v. Ohio,* 426 U.S. 610, 619, 96 S.Ct. 2240, 2245, 49 L.Ed.2d 91 (1976), the United States Supreme Court held that a defendant's silence after receiving his *Miranda* rights cannot be used for impeachment purposes because it is fundamentally unfair and violates the Due Process Clause of the Fourteenth Amendment. Relying on *Doyle's* logic, Missouri courts have held that post-*Miranda* silence cannot be used as evidence to incriminate a defendant. *State v. Dexter,* 954 S.W.2d 332, 339 (Mo. banc 1997); *State v. Zindel,* 918 S.W.2d 239, 243 (Mo. banc 1996); *State v. Galicia,* 973 S.W.2d 926, 933 (Mo.App. S.D.1998). "Silence" includes not only a defendant's refusal to speak to police, but also a defendant's request for an attorney. *Wainwright v. Greenfield,* 474 U.S. 284, 295 n. 13, 106 S.Ct. 634, 640 n. 13, 88 L.Ed.2d 623 (1986); *State v. Whitmore,* 948 S.W.2d 643, 647 (Mo.App. W.D.1997); *State v. Tims,* 865 S.W.2d 881, 885 (Mo. App. E.D.1993). A defendant's request for an attorney " 'is an effective reclamation of defendant's right to silence . . . .' " *Dexter,* 954 S.W.2d at 339, *quoting Tims,* 865 S.W.2d at 886.

 Here, the prosecutor's argument squarely and unequivocally invited the jury to infer that Defendant was guilty because he sought to speak to an attorney. Even standing alone, the State's reference during closing to a defendant's post-*Miranda* silence can merit reversal. *State v. Flynn,*

875 S.W.2d 931, 934 (Mo.App. S.D.1994). In addition, ample authority exists for the proposition that improper use of post-*Miranda* silence may constitute manifest injustice and plain error. *See, Dexter,* 954 S.W.2d at 343; *Zindel,* 918 S.W.2d at 243. Applying the factors set forth in *Dexter,* as a matter of plain error, the charged crime must be retried.

The judgment is reversed and remanded for new trial.

LAWRENCE G. CRAHAN, J., RICHARD B. TEITELMAN, J., concur.