STATE of Missouri, Respondent,

v.

Morris Dwayne JACKSON, Appellant.

No. WD 62608.

Missouri Court of Appeals, Western District.

Feb. 22, 2005.

---

Rosalynn Koch, State Public Defender Office, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Deborah Daniels and Andrea Maza Follett, Officer of Attorney General, Jefferson City, for respondent.

RONALD R. HOLLIGER, Presiding Judge.

Morris Jackson appeals a jury verdict finding him guilty of second-degree statutory rape, section 566.034 RSMo 2000,[1] of his girlfriend's 14–year–old daughter. Jackson raises three points of error: (1) that the trial court erred in admitting as evidence the birth certificate of the victim's child and a prior civil paternity judgment entered against Jackson; (2) that the date of Jackson's trial was in violation of sections 217.450 and 217.460 RSMo (2000), because his trial took place more than 180–days after Jackson requested disposition of his case and thus, the court no longer had jurisdiction; and (3) the trial court erred by not intervening *sua sponte* when the prosecutor made certain comments during closing argument. We find the trial court retained jurisdiction over Jackson's case,

but that the State grossly misstated its burden of proof and the obligation of the jury during closing argument resulting in manifest injustice. Accordingly, we reverse Jackson's conviction on plain error.

## Facts and Procedural History

On May 31, 2002, a criminal complaint was filed against Morris Jackson. At the time the complaint was filed, Jackson was in prison serving a nine-year sentence on unrelated charges. Pursuant to section 217.450 of the Uniform Mandatory Disposition of Detainers Law (UMDDL), Jackson filed a Request for Disposition of Indictments, Informations, or Complaints on June 24, 2002, giving the State 180–days to bring him to trial. The Request referenced one count of forcible sodomy and one count of first-degree statutory rape. Over the following months the preliminary hearing was continued four times either by the court or the State.

The parties agree that under the UMDDL the 180–day period after Jackson's request for disposition expired on December 21, 2002. After his indictment the trial court set the matter on its "trial request docket" on December 2, 2002, and scheduled an arraignment for December 9. The docket sheet indicates that on December 2, 2002, the case was set for trial on January 15, 2003. There is no indication that the State, the defendant, or his counsel appeared on that date (December 2), and it otherwise appears that the court was engaged in another jury trial that day. At arraignment on December 9, 2002, Jackson pleaded not guilty and the judge made reference to the January 15, 2002, trial date to which no objection was heard. The record does not reflect that the State at any time during this period advised the trial court of the UMDDL request or that

1. All statutory citations are to RSMo 2000, unless otherwise indicated.

the 180–day limitation period was running short. On December 27, 2002, Jackson filed a motion to dismiss the charge on grounds that the 180–day time period the State had to bring him to trial had expired. The trial court denied the motion to dismiss, and the case proceeded to trial on January 15, as scheduled.

The jury returned a verdict finding Jackson guilty of second-degree statutory rape. The trial court entered Sentence and Judgment on March 10, 2003, imposing a twelve-year sentence. Jackson appeals this judgment raising the three aforementioned points of error. We address Point II first because it is a jurisdictional question and decline to address Point I because we find Point III to be dispositive.

## Discussion

### The Trial Court Did Not Lose Jurisdiction Under the UMDDL

■ Jackson argues that the trial court lost jurisdiction over his case pursuant to section 217.450 of the Uniform Mandatory Disposition of Detainers Law, because the State did not bring him to trial within 180 days following receipt of his request for compliance with the UMDDL.

Section 217.450.1 of the UMDDL provides, "Any person confined in a department correctional facility may request a final disposition of any untried indictment, information or complaint pending in this state on the basis of which a detainer has been lodged against him while so imprisoned." Jackson filed such a request on June 24, 2002. The State, then, had 180 days to bring Jackson to trial absent tolling of the limitation period. Section 217.460 RSMo (2000). Section 217.460 further provides that if the case is not brought to trial within the required time frame, *"no court of this state shall have*

*jurisdiction of such indictment, information or complaint, ... and the court shall issue an order dismissing the same with prejudice."* (emphasis added). The parties agree that the 180th day after June 24, 2002, was December 21. Jackson's trial took place more than three weeks later on January 15, 2003.

■ The 180–day limit established by the UMDDL is "not absolute" and there are notable exceptions and tolling provisions to the 180–day requirement of Section 217.450.1. *See State v. Coons*, 886 S.W.2d 699, 701 (Mo.App.1994). For the purposes of this case, the most conspicuous exception arises when a defendant requests or acquiesces to a trial beyond the 180–day period. If a defendant acquiesces to a trial date beyond the 180–day period, the court does not lose jurisdiction and the statute is tolled. *Kenneth–Smith v. State*, 838 S.W.2d 113, 116 (Mo.App.1992); *See also Lee v. State*, 97 S.W.3d 9, 14 (Mo.App. 2002). The State bears the burden of proving that the 180–day limitation period was properly tolled. *State v. Laramore*, 965 S.W.2d 847, 850 (Mo.App.1998).

A reading of the record reveals that the defendant acquiesced to the January 15, 2003, trial date (i.e., beyond the 180–day period) at a December 9, 2002, hearing. A portion of that transcript reads as follows:

[The Court]: State appears by Assistant Prosecuting Attorney Knight. Defendant appears in person and by Counsel Tom Marshall. Formal arraignment waived and pleas of not guilty entered. Cause transferred to trial request docket for setting at 9 a.m., December 16, 2002, Division I.

Okay.

[Mr. Marshall]: Thank you.

[The Court]: Wait a minute. That may already be set for trial, Mr. Marshall.

[Mr. Marshall]: Excuse me, Judge?

[The Court]: That's already set for trial. I'm sorry.

[Mr. Marshall]: When is it set, Judge?

[The Court]: Set for the 15th of January.

[Mr. Marshall]: Thank You.

(Hearing adjourned.)

The facts of this case are strikingly similar to those in *Lee v. State*, 97 S.W.3d 9 (Mo.App.2002), where the defendant's trial date was set beyond the 180–day time limit. *Id.* at 12–13. The defendant was aware of the trial date and made no objection. *Id.* at 14. The Court of Appeals ruled that the defendant's failure to object to the trial being scheduled beyond the 180–day deadline imposed by Section 217.460 constituted a waiver and tolled the statute. *Id.* at 14–15.

We find no reason or authority indicating a different conclusion is necessary in Mr. Jackson's case. Jackson was given the opportunity in court to object to his trial date set after the 180–day period; he did not. As such, his failure to object to the trial date constituted a waiver and tolled the application of the statute. The trial court retained jurisdiction over Jackson's case.

Point denied.

## Closing Argument

■ Jackson argues in Points I and III respectively, that the trial court erred in admitting the civil paternity judgment and the birth certificate indicating that Jackson was the father of the victim's child, and that the trial court erred when it failed to *sua sponte* intervene when the prosecution made certain remarks during closing argument. Although we question the prudence of using a civil judgment as evidence of statutory rape when biological evidence is available, we need not reach the issue because we find Jackson's point regarding closing argument dispositive.

Jackson avers that the prosecution virtually eliminated its own burden of proof when it told the jury during closing argument that, "It is a matter of law. He is the father of that child," and "You don't really even have to worry about whether you're making the right decision if you find him guilty because it's already been decided." These comments were in reference to the civil paternity judgment against Jackson which found that he was the biological father of the victim's child. Jackson asks for plain error review of this issue recognizing that no objection was made during trial.

■ The plain error doctrine is a limited avenue for granting relief, especially on account of remarks made during closing argument. "Relief should rarely be granted on assertions of plain error as to closing argument because, in the absence of objection and request for relief, the trial court's options are narrowed to uninvited interference with summation and a corresponding increase of error by such intervention." *State v. Collins*, 962 S.W.2d 421, 426 (Mo. App.1998) (quoting *State v. Silvey*, 894 S.W.2d 662, 670 (Mo. banc 1995)). An additional reason for not granting plain error in such situations is that "trial strategy looms as an important consideration in deciding whether to object and such assertions are generally denied without explanation." *Id.* Finding plain error resulting from statements made during closing argument is so exceptional that relief is often denied without explanation, *State v. Crowe*, 128 S.W.3d 596, 600 (Mo.App.2004), and will only be granted if the defendant demonstrates that the improper remarks had a decisive effect on the verdict, *State v. Jacobs*, 939 S.W.2d 7, 11 (Mo.App.1997). Generally, such a "decisive effect" exists when a showing is made of a reasonable

probability that, in absence of the remarks, the verdict would have been different. *State v. Johns*, 34 S.W.3d 93, 115 (Mo. banc 2000); *State v. Roberts*, 838 S.W.2d 126, 132 (Mo.App.1992).

Nevertheless, there is a threshold at which intentional misstatements made by a prosecutor during argument will amount to plain error. *State v. Baldridge*, 857 S.W.2d 243, 248 n. 2 (Mo.App.1993) (intentionally and materially misleading argument by prosecution may be grounds for reversal, even if reviewed only as plain error). Although finding plain error resulting from prosecutor remarks made during argument is extraordinary, it is by no means unprecedented. *State v. Weiss*, 24 S.W.3d 198, 203 (Mo.App.2000) (prosecutor's purposeful misconduct in commenting on excluded evidence constituted plain error); *State v. Zindel*, 918 S.W.2d 239, 242–44 (Mo. banc 1996) (comment on defendant's exercise of right to remain silent as evidence of his sanity was plain error); *See also City of Cape Girardeau v. Jones*, 725 S.W.2d 904 (Mo.App.1987); *State v. Luleff*, 729 S.W.2d 530 (Mo.App.1987); *State v. Hammonds*, 651 S.W.2d 537 (Mo. App.1983); *State v. Davis*, 566 S.W.2d 437 (Mo. banc 1978).

▪ It hardly needs mention that there is a historical sanctity in the jury process that constitutes one of the most fundamental rights provided by our state and federal constitutions. Much law has developed both to protect this right, to ensure its fairness and operation, and to protect the jury's vitally independent role in the determination of guilt and innocence. A jury has a solemn, never trivial, duty in determining whether a defendant will be deprived of that most fundamental right, liberty. It is never proper nor constitutionally permissible to mislead a criminal jury about the nature of its duty and obligation or, as we think happened here, tell the jury that it can disregard the court's instruction about proof beyond a reasonable doubt. The statement, "You don't even really even have to worry about whether you're making the right decision if you find him guilty because it's already been decided" was more than just a misstatement of law. It constituted a manifest injustice and entitling the defendant to a new trial.

▪ The State contends that the prosecution made the comments in retaliation to certain defense counsel remarks during closing. To be sure, a prosecutor may retaliate to an issue raised by the defense in closing even if the prosecutor's comment would otherwise be improper. *State v. Clayton*, 995 S.W.2d 468, 479 (Mo. banc 1999). Here Jackson's attorney made comments during closing downplaying the significance of the paternity judgment. These comments were not improper and, therefore, did not "open the door" for retaliation.

▪ Even in the event that a prosecutor's right to retaliate is triggered by improper comments by defense counsel, the prosecutor is not entitled to retaliate if the evidence does not support the prosecutor's remarks. *State v. Jones*, 128 S.W.3d 110, 114 (Mo.App.2003).

In this case, not only were the prosecutor's statements not supported by the evidence, they were patently false. Jackson's criminal guilt had not "already been decided" and when the prosecutor asserted as such she overstepped any sensible boundaries of retaliation and committed a gross misrepresentation of the State's burden of proof amounting to manifest injustice.

EDWIN H. SMITH, Chief Judge, and ROBERT G. ULRICH, Judge, concur.