STATE of Missouri, Respondent,

v.

James V. TAYLOR, Defendant/Appellant.

No. ED 87634.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 13, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 15, 2007.

Kent Denzel, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

The defendant, James V. Taylor, appeals the judgment entered upon his conviction by a jury for possession of cocaine base in violation of Section 195.202 RSMo. (2000).[1] Upon appeal, he challenges the search of his automobile and the sufficiency of the evidence in support of his conviction. We deny these challenges. However, we do find plain error in the State's argument and submission when the State urged the defendant's conviction based on items that were neither actually nor constructively possessed by the defendant. Therefore, we reverse the judgment of conviction and remand the cause for a new trial.

We shall recite only the essential facts. In the early morning hours of February 11, 2005, the defendant's car was stopped by a Farmington police officer who had run the car's license plate number and discovered it belonged to a van. He pulled over the car and asked for the defendant's license and registration. The defendant acknowledged his driver's license was revoked. From his observations, the officer believed the defendant to be under the influence of drugs. The officer instructed the defendant to exit his car and placed him under arrest for driving while revoked; he then seated the defendant in the rear of the officer's patrol car. The officer removed the defendant's wife from the defendant's car so that he could search it. On the hump of the front floorboard was a small trash container. Underneath the liner of the container was a crack pipe which, after waiving his Miranda rights, the defendant conceded that he owned and used to smoke crack. However, the defendant's wife also claimed the pipe was hers and was arrested. Her purse was seized from her under circumstances that are far from clear. Later the officer searched the

---

1. Statutory references are to RSMo.2000 unless otherwise indicated.

defendant's wife's purse at the police station. Within her purse, the officer found another crack pipe and a small rock of cocaine base, which was later determined to weigh 0.5 of a gram.

The defendant was charged with possession of cocaine base. Noting that the information failed to particularize which items were the subject of this prosecution, the defendant moved for a bill of particulars. The State responded that it was seeking the defendant's conviction for possession of cocaine base not only because of the crack pipe discovered underneath the liner of the small trash container, which the defendant admitted was his, but also because of the crack pipe and rock found in the defendant's wife's purse. After a jury trial, the defendant was convicted and sentenced to fifteen years' imprisonment. He appeals.

 The defendant claims the trial court erred in admitting the evidence seized as a result of the search of his car. A search incident to arrest is appropriate even for traffic violations, including driving without a valid driver's license. *State v. Reed,* 157 S.W.3d 353, 357 (Mo.App. W.D.2005). "[W]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.... [He] may also examine the contents of any containers found within the passenger compartment...." *New York v. Belton,* 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981) (foot-

notes omitted). As long as an arrestee is a "recent occupant" of a vehicle, officers may search the vehicle incident to the recent occupant's arrest. *Thornton v. United States,* 541 U.S. 615, 623–24, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004).[2] The search of a vehicle is valid as incident to the defendant's arrest, even where the defendant is handcuffed in the officer's car at the time of the search. *State v. Scott,* 200 S.W.3d 41, 44 (Mo.App. E.D.2006) (en banc). Here, it is undisputed that the defendant was the subject of a lawful custodial arrest on a charge of driving while revoked. The arresting officer's search of the defendant's vehicle followed immediately upon the defendant's removal from the car and arrest. As to the officer's search of the defendant's wife's purse, the defendant claims that this, too, was illegal. However, the only illegality he argues is that this search was somehow the product of the illegal search of the car. We believe that the search of the car was valid as incident to the defendant's lawful custodial arrest. Therefore, because the search of the wife's purse arose from a prior legal search, it was not the "fruit of a poisonous tree." *See State v. Mosby,* 94 S.W.3d 410, 419 (Mo.App. W.D.2003) (finding that evidence not derived from illegal government conduct cannot be deemed "fruit of the poisonous tree"). We reject the defendant's challenges to the searches and seizures of evidence.[3]

 The defendant also contests the sufficiency of the evidence to sustain his conviction. He asserts there is insufficient

**2.** The defendant claims that the above pronouncement in *Thornton* is not a majority opinion. We disagree. Four justices joined in the principal opinion, and Justice O'Connor joined in all but one footnote. *Thornton,* 541 U.S. at 624, 124 S.Ct. 2127. Justice O'Connor wrote that "the opinion is a logical extension of the holding of *New York v. Belton.*" *Id.*

**3.** The defendant's standing to challenge the searches was not addressed by the parties, either in the suppression hearing or on appeal. We find the record in this regard to be ambiguous, but it may be clarified on remand.

evidence that he possessed cocaine base, residue of which was found in the crack pipe he admitted was his. The laboratory's scale can weigh items as small as 0.01 of a gram, but the residue here was so minimal that it was determined to be unweighable. The defendant cites *State v. Baker*, 912 S.W.2d 541 (Mo.App. W.D. 1995), and *State v. Polk*, 529 S.W.2d 490 (Mo.App.1975), cases in which a mere residue or trace amount of drugs was found insufficient to establish the defendant's knowing possession. However, in each of these cases, the holding was limited to the particular circumstance where the only evidence of the defendant's knowing possession was his possession of a mere residue. Indeed, in each of these cases, there was evidence that the defendant might have possessed the drug residue without an awareness of the residue's presence. Here, on the other hand, the defendant conceded the crack pipe was his and indeed appeared to be under the influence of a drug at the time of his arrest. Instead, we find more apposite *State v. McKelvey*, 129 S.W.3d 456 (Mo.App. S.D.2004) and *State v. Smith*, 808 S.W.2d 24 (Mo.App. E.D.1991), cases in which a possession conviction was upheld despite the fact that the amount possessed was merely a residue or trace amount, because there was other corroborating evidence of knowing possession of the residue.

Our Supreme Court has spoken little on the threshold requirements for a conviction of possession of a *de minimis* amount

of drugs.[4] The Court has held it proper to convict of illegal possession of drugs even though the defendant had an insufficient quantity of drugs to affect his nervous system. *State v. Young*, 427 S.W.2d 510, 513 (Mo.1968)(per curiam); *State v. Jefferson*, 391 S.W.2d 885, 890 (Mo.1965). The Supreme Court has also made clear that possession is the gravamen of the charges, not the intent to make some use of the drug. *Young*, 427 S.W.2d at 513. We agree with the logic of these holdings. The Supreme Court has further held the possession of even "a modicum" of an illegal drug can support a defendant's conviction. *Id.; Jefferson*, 391 S.W.2d at 890. But the Court did not define what constitutes "a modicum."

Holmes has noted that the concept of possession has fallen into the hands of philosophers.[5] We think it will be helpful to focus on the ultimate question. The question that must be answered is whether a defendant, knowing of the presence and nature of an illegal drug, possessed it. On review, we are to accept as true all of the evidence favorable to the State, including all favorable inferences drawn from the evidence and disregard all evidence and inferences to the contrary. *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993). We then are to determine whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *Id.* A person is not guilty of an offense in the

---

4. For an extensive compilation of cases nationwide, reaching "disparate conclusions," that address the complex question of possession of a *de minimis* amount of drugs, see Danny R. Veilleux, Annotation, *Minimum Quantity of Drug Required to Support Claim That Defendant Is Guilty of Criminal "Possession" of Drug Under State Law*, 4 A.L.R.5th 1 (1992). Also see Seth Davidson, Note, *Criminal Liability for Possession of Nonusable Amounts of Controlled Substances*, 77 Colum.

L.Rev. 596 (1977), which, in addition to noting the disparate results reached nationwide, advocates for the minority view that the statutory purpose and public policy of drug laws are best served by requiring the presence of a "usable amount" of drugs to convict for illegal possession of drugs.

5. O.W. Holmes, Jr., The Common Law 206 (Boston, Little, Brown 1881).

absence of his voluntary act. Section 562.011.1; *State v. Farris,* 125 S.W.3d 382, 391 (Mo.App. W.D.2004). Possession is a voluntary act if the possessor knowingly procures or receives the thing possessed, or having acquired control of it was aware of his control for a sufficient time to have enabled him to dispose of it or terminate his control. Section 562.011.3; *Farris,* 125 S.W.3d at 392. Possession can be actual or constructive. Section 195.010(34) RSMo. (Supp.2005); MAI–CR3d 325.02; *State v. Morris,* 41 S.W.3d 494, 497 (Mo. App. E.D.2000). A person has actual possession if he has the substance on his person or within easy reach and convenient control. Section 195.010(34) RSMo. (Supp.2005); MAI–CR3d 325.02; *State v.*

*Bacon,* 156 S.W.3d 372, 377 (Mo.App. W.D. 2005). A person who is not in actual possession has constructive possession if he has the power and intention at a given time to exercise dominion or control over the substance. Section 195.010(34) RSMo. (Supp.2005); MAI–CR3d 325.02; *State v. Metcalf,* 182 S.W.3d 272, 274–75 (Mo.App. E.D.2006). Importantly, both actual and constructive possession guard against a defendant's control of the substance.[6]

We note that the drug statutes do not establish a minimum amount necessary to sustain a conviction for illegal possession.[7] We believe that whether the amount in issue is called a residue, a trace amount, or a modicum of the illegal sub-

6. It might be argued that a typical defendant, who is charged with a *de minimis* amount of drugs present on his narcotics paraphernalia, does not have the criminal intent to possess the narcotics, but only the intent to possess the narcotics paraphernalia. *See State v. Baker,* 912 S.W.2d 541, 546 (Mo.App. W.D. 1995)("[T]he mere presence of such a small amount of burnt residue of a drug on an item such as a pipe does not constitute possession of the drug itself although it may well support a conviction for possession of drug paraphernalia."). Such a defendant might lack the intent to possess the narcotics because, as a practical matter, to the extent the residue is subject to his control, he would wish it entirely eliminated because it is of no use to him. To the contrary, the only effect induced by such a residue might be regret upon the lodging of a more serious charge. However, this potential line of argument would be effectively rebutted if the residue could be of use to him and he would wish to have it subject to his control. In *People v. Smith,* 138 Misc.2d 531, 524 N.Y.S.2d 659, 660 (N.Y.City Crim.Ct. 1988), the court held that "residue" possession was legally sufficient to prove possession of crack cocaine. In an addendum, the court wrote:

> [C]rack cocaine "residue" found in smoking pipes is usually not weighed by the Police Laboratory. It is difficult to remove all of the substance from the pipe, and there is no point in weighing part of it. It is classified

as "residue," because it is not weighed. This "residue" represents rehardened crack cocaine that was melted but not consumed during prior use, and it may be present in substantial quantities which allow it to be reheated and smoked.
> *Id.* at 663.

7. Of course, other possessory crimes might lack statutory minimum amounts, yet never be prosecuted if only insubstantial possession is present. For example, it is difficult to imagine a youth found with a thimbleful of beer being sentenced to a year in jail for possession of liquor by a minor, although in theory the law would allow it. In a prohibition-era decision, the Missouri Supreme Court held there was "no irreducible minimum as to the quantity necessary to constitute a violation" of illegal possession of alcohol in a case where a defendant was in possession of thirty-six half-gallon fruit jars, each containing from a few drops to a teaspoon of whiskey. *State v. Pigg,* 312 Mo. 212, 226, 278 S.W. 1030, 1034 (1925)(per curiam), *overruled on other grounds by State v. Harris,* 321 S.W.2d 468 (Mo. banc 1959). But, barring a constitutional claim, which is not asserted here, it is the province of the legislature to establish the threshold requirements of a crime. And, the proper exercise of prosecutorial and judicial discretion normally suffice to avoid an unconscionable result, which otherwise might result from rigid application of a criminal law.

stance is of no import. Further it does not matter if it can be weighed. Indeed, if weight alone were the dividing line between legal and illegal conduct, a defendant's guilt might be dependent on the quality and sophistication of the laboratory scales in his case. Rather, we hold that the defendant's guilt must be dependent on his acts and knowledge—whether his knowing possession may be fairly inferred given the *de minimis* amount and all the surrounding circumstances.[8] Thus, although the drug may be an unweighable residue, trace amount, or modicum, the drug must be present, the defendant must know of its presence and nature, and the defendant must possess it—either actually or constructively.

Let us apply the above principles to the facts of our case. Cocaine base residue, although in an unweighable amount, was found in the defendant's crack pipe. Because the defendant admitted the pipe was his and that he used the pipe to smoke crack, it is reasonable to infer that the defendant was no neophyte in its use. Further, the defendant appeared to be under the influence of drugs. A reasonable juror might infer that such a defendant would know if cocaine residue would still be present in the pipe after smoking crack.[9] The crack pipe and the residue within it were adjacent to the defendant when he was seated in the driver's seat of his vehicle. Thus the pipe and its contents were within his actual possession, that is, they were within his easy reach and convenient control.

The defendant further protests the sufficiency of the evidence because of the State's reliance on the crack pipe and rock from his wife's purse to convict him.

**8.** We specifically disagree with the proposition that "residue too small to measure" cannot suffice to establish possession. *Baker*, 912 S.W.2d at 543. In so holding, the Western District relied on our opinion in *State v. Polk*, 529 S.W.2d 490 (Mo.App.1975). In *Polk* we noted that, in all the cases we had read, there was a measurable quantity of drugs. But our holding in *Polk* was not that a measurable quantity was necessary to sustain a conviction, but rather that, "under the peculiar facts and circumstances of this particular case," a trace amount of drugs was insufficient to support a finding of *knowing* possession. We agree that the defendants in *Baker* and *Polk* were each entitled to be discharged. That is because in each case the State failed to produce sufficient evidence that the defendant *knowingly* possessed the residue due to the insubstantial amounts involved and the otherwise innocent circumstances. But we believe the determinative issue in such cases is not whether the drug is so miniscule that it cannot be weighed, but rather whether the inference of knowing possession is unreasonable given all the circumstances. In this fashion, we focus on the defendant's actions and mental state, rather than the criminalist's ability to weigh a substance. An unweighable amount, if knowingly possessed is sufficient to establish unlawful possession. Conversely, a measurable amount, if not knowingly possessed, is insufficient.

**9.** Here we specifically conclude that it might be reasonably inferred that defendant had knowledge of the presence and character of the drug residue. We emphasize that a defendant cannot be convicted unless he is aware of the presence and character of an illegal drug and must intentionally and consciously possess it. *Polk*, 529 S.W.2d at 492. Yet our law has elsewhere stated that a defendant's mistaken belief that *all* of his drugs have been consumed does not deprive him of the requisite knowledge for possession. *State v. Smith*, 808 S.W.2d 24, 26 (Mo.App. E.D.1991)(emphasis added). Yet if a defendant believes that *all* of the drugs have been consumed how can he intentionally and consciously possess the residue? He *must* have knowledge of the residual drug to be convicted. It is not sufficient that he have knowledge of the presence and nature of the narcotics paraphernalia, which contains the residue, because that is not the question of fact the jury is called upon to resolve when a defendant is charged with illegal possession of a controlled substance, rather than illegal possession of narcotics paraphernalia.

However, the defendant's challenge here is to the sufficiency of the evidence. This Court's review is limited to determining whether the evidence was sufficient for a reasonable juror to find each element of the crime beyond a reasonable doubt. *State v. O'Brien*, 857 S.W.2d 212, 215 (Mo. banc 1993). Because there was sufficient evidence of the defendant's possession of cocaine base due to the residue in his crack pipe, without regard to his claimed possession of items in his wife's purse, we need not further review the evidence as to its sufficiency. *State v. Jackson*, 686 S.W.2d 21, 24 (Mo.App. E.D.1984).

■■■■ That, however, leads us to our final consideration, which we hold to be plain error. Plain error provides a limited avenue for granting relief, especially on the basis of remarks made during closing argument. *State v. Jackson*, 155 S.W.3d 849, 853 (Mo.App. W.D.2005). We will rarely grant relief on assertions of plain error as to closing argument because, absent an objection and request for relief, the trial court's options are reduced to uninvited interference with summation and an increased chance of error resulting from such intervention. *Id.* Another reason for not granting plain error in such situations is that trial strategy is an important consideration in deciding whether to object. *Id.* Assertions of plain error in closing argument are generally denied without explanation, and relief will be granted only where the defendant demonstrates that the improper remarks had a decisive effect on the verdict. *Id.* "Generally, such a 'decisive effect' exists when a showing is made of a reasonable probability that, in absence of the remarks, the

verdict would have been different." *Id.* at 853–54.

■■ Here, the defendant astutely asked the State to specify what items of cocaine base it was relying upon to establish the defendant's unlawful possession. The State unequivocally responded with its bill of particulars—it relied upon not only the crack pipe the defendant admitted was his, but also the defendant's possession of the rock and pipe seized from his wife's purse. And the State emphasized that this was its theory in closing argument. The verdict director, as is usual, did not particularize which specific items the defendant was charged with possessing. Instead, it referred only generically to possession of cocaine base. Nor did the verdict of guilty include such findings. Judge Martinez, in imposing the maximum fifteen-year sentence on the defendant, gave no indication whether it was in retribution for his possession of the unweighable residue in his crack pipe or for his possession of the items in his wife's purse. We have carefully combed the record. There is no evidence where the purse may have been in the passenger compartment. We cannot determine if the defendant was even aware of the purse's presence. There is not a scintilla of evidence establishing the defendant's actual or constructive possession of the purse, much less the crack pipe and rock within it.[10] We have no objection to the State's citation to three instances of possession of cocaine base in support of a single count. Indeed, if the State tried to charge each instance of illegal possession of the same drug in separate counts, it could run afoul of the Fifth Amendment's double-jeopardy provision. *State v. Polson*, 145 S.W.3d 881, 896–97 (Mo.App.

---

10. If, upon retrial, the State seeks to prove that the defendant constructively possessed the contents of the purse, the State must establish both the defendant's knowledge and his control of the purse's contents. *State v.*

*Morris*, 41 S.W.3d 494, 498 (Mo.App. E.D. 2000). Because the muddled record may be clarified upon retrial, we offer no opinion on whether the purse's contents would be admissible upon the defendant's retrial.

W.D.2004). The difficulty here is that the State was allowed to argue and submit its charge of possession of cocaine base without any evidence in support of two of the three instances the State posited in its bill of particulars and argued to the jury. There was sufficient evidence, albeit minimal, of defendant's possession of the unweighable residue of cocaine base found in his crack pipe. But we have no confidence that it was this evidence that the jury relied upon in returning its verdict of guilty. Error in a close case may call for reversal. *State v. Kriebs,* 978 S.W.2d 460, 467 (Mo.App. S.D.1998). "Although finding plain error resulting from prosecutor remarks made during argument is extraordinary, it is by no means unprecedented." *Jackson,* 155 S.W.3d at 854.[11]

Because the jury, in reliance on the State's theory and argument, may have convicted the defendant based on his possession of items in his wife's purse, of which there was no evidence, we hold that a miscarriage of justice has occurred. Rule 30.20. Therefore, we reverse the judgment of conviction and remand for a new trial.

GLENN A. NORTON, P.J., concurs.

KENNETH M. ROMINES, J., concurs in result in separate opinion.

KENNETH M. ROMINES, Judge, concurring.

Concurring in result.

I concur in the result reached. I do not concur in the sundry footnotes, nor the analyses advanced.

To me, in a very literal sense, less than 0.01 grams clearly demonstrates an insufficiency of evidence such that reversal is required. We have forgotten what comes after *de mimimis—non curat lex.* I believe, however, I am precluded by *State v. Young* 427 S.W.2d 510 (Mo.1968), from reaching this conclusion.

The Court grants plain error review, and finds a miscarriage of justice. This record justifies both conclusions. Simply,

---

**11.** *State v. Zindel,* 918 S.W.2d 239 (Mo. banc 1996)(comments on the defendant's post-arrest silence); *State v. Williams,* 646 S.W.2d 107 (Mo. banc 1983)(comment that jury would not be sent to deliberate if the judge had not found sufficient evidence of the defendant's guilt); *State v. Davis,* 566 S.W.2d 437 (Mo. banc 1978)(State's argument used impeaching statements of witnesses as substantive evidence of facts to which statements related); *State v. Jackson,* 155 S.W.3d 849 (Mo.App. W.D.2005)(comments that misled the jury about its obligation to determine the defendant's guilt and the burden of proof); *State v. Weiss,* 24 S.W.3d 198 (Mo.App. W.D.2000)(comment on the defendant's lack of evidence after the State succeeded in having the court exclude the evidence); *State v. Wessel,* 993 S.W.2d 573 (Mo.App. E.D.1999)(comments on the defendant's post-arrest silence and request for counsel); *State v. Burnfin,* 771 S.W.2d 908 (Mo.App. W.D.1989)(multiple errors in prosecutor's argument concerning uncharged crimes, defendant's medical history of aggressive behavior, and defense counsel's performance were "cumulative and egregiously prejudicial"); *State v. Mabie,* 770 S.W.2d 331 (Mo.App. W.D.1989)(reference to improperly elicited testimony concerning the defendant's post-arrest silence); *State v. Luleff,* 729 S.W.2d 530 (Mo.App. E.D.1987)(comment on the defendant's lack of evidence after the State succeeded in having the court exclude the evidence); *City of Cape Girardeau v. Jones,* 725 S.W.2d 904 (Mo.App. E.D.1987)(comment on two of seven defendants' refusal to testify); *State v. Hammonds,* 651 S.W.2d 537 (Mo.App. E.D.1983)(comment on the defendant's lack of evidence after the State succeeded in having the court exclude the evidence); *State v. Copher,* 581 S.W.2d 59 (Mo.App. S.D.1979)(comment that the defendant had the burden of proving his lack of knowledge with regard to the crime charged); *State v. Stockbridge,* 549 S.W.2d 648 (Mo.App.1977)(comments characterizing the defendant as a prior offender, "a professional car thief," and the like without any such evidence before the jury).

there is no evidence in the record which ties defendant to the purse. The purse was all the prosecutor had, he used, it was error.